### CROUCH v. CROUCH.

An alimony decree awarding a given sum of money for the support of the wife and daughter, pending an action for divorce, is not to be construed as awarding half of the amount in severalty to each. Such a construction, in a charge on the subject of ratification of a subsequent decree modifying the original judgment by giving half of the amount in the original judgment to the wife for the support of the daughter, was harmful error.

MAY 16, 1913.

Motion to set aside judgment. Before Judge Bell. Fulton superior court. July 30, 1912.

Mrs. Georgia Crouch instituted a libel for divorce against her husband, George G. Crouch, and in connection therewith she asked for an allowance of temporary alimony. At the hearing for temporary alimony, on May 20, 1910, the court rendered the following decree: "It is hereby ordered and adjudged that the defendant, George G. Crouch, be and he is hereby required to pay to plaintiff's attorney, R. E. Church, $50 per month as temporary alimony for the support of his wife Mrs. Georgia Crouch, and his minor daughter Bernice Crouch, until this case is finally disposed of, beginning June 1, 1910; and that said George G. Crouch, defendant, be required to pay R. E. Church, plaintiff's attorney, $25 attorney's fees and [on] account, to be paid $5 per month, beginning on the 1st day of June, 1910." On the 26th of May G. G. Crouch filed his motion to modify the decree awarding alimony, alleging that

the plaintiff was possessed of considerable property, largely in excess of property owned by him, and ample for her own support, and that he was unable to pay the amount awarded by the court. On June 1st the attorneys for Mr. and Mrs. Crouch entered into an agreement to the effect that her divorce petition should be so amended as to make it a suit for permanent and temporary alimony, and to strike therefrom the prayer for divorce; and that the order for temporary alimony be so modified that the husband should pay Mrs. Crouch "for the support of Bernice Crouch, his daughter, $25 per month for two years beginning June 1, 1910, until June 1, 1912, and $20 from June 1, 1912, until the said Bernice Crouch becomes of age. This agreement for the payment of temporary alimony to be in lieu of any alimony that said party of the second part [Mrs. Crouch] may have right to recover of party of the first part until said Bernice Crouch becomes of age, but not to prejudice any right of party of the second part to sue for a recovery of any alimony which party of the first part should pay after that time, and not to prejudice any right that said second party may now have or hereafter have to sue for and obtain a divorce." On the day the agreement was executed the order of alimony was modified to conform with it, and on July 13th the petition for divorce was amended by striking therefrom the prayer for total divorce. Subsequently Mrs. Crouch filed her motion to set aside the judgment modifying her decree for alimony and the striking of the prayer for divorce in her libel, alleging that these judgments were taken pursuant to an agreement made in her behalf by her attorney, who entered into the agreement without her knowledge or consent, and that there existed no reason for the modification of the alimony decree. In his answer the defendant set up that the agreement was made with plaintiff's attorney in accordance with her express direction, and that she had ratified the same, and had received the several payments provided for in the modified decree with the knowledge that they were made thereunder. He further set up that at the time the original decree for alimony was made he was prevented by a serious accident from appearing in the court, and that it was entered ex parte; and that the provision for his wife, for the support of their daughter, was a proper allowance in view of all the circumstances of the case. The case came on to be tried at the January term, 1912, of the superior court; and a verdict

was rendered in favor of the plaintiff. The court refused a new trial, and the defendant excepted.

*Napier, Wright & Cox,* for plaintiff in error.

*E. D. Thomas* and *L. Z. Rosser,* contra.

EVANS, P. J. (After stating the foregoing facts.) The case was fought out largely upon two propositions of fact, as to which there was a most serious conflict of testimony. The wife flatly denied her attorney's authority to consent to the modified judgment, or any knowledge that he had made such an agreement until shortly before filing her motion to vacate the judgment. On the other hand, the husband submitted testimony tending to show that the agreement was authorized by the wife, and that the alimony judgment was modified with her full knowledge and approval. It appeared that beginning June 1st, 1910, Mr. Crouch mailed to his wife fifteen monthly checks of $25 each. Each of these checks contained the statement that it was for the support of the daughter for the past month. The checks were payable to the order of Mrs. Crouch and collected by her. One of the issues in the case was whether the acceptance of these several checks was in pursuance of the original or the modified decree. It was the contention of Mrs. Crouch that they were paid pursuant to the original alimony decree; and her husband contended that they disclosed on their face that they were given in pursuance of the modified decree, and were accepted by her with full knowledge of that fact, and that, even if his wife's attorney entered into the agreement and modified the alimony decree without authority from his wife, after the decree had been modified the wife had accepted these several payments with knowledge that it had been modified, and that such acceptance amounted to a ratification or acquiescence on her part.

Several exceptions were taken to the charge of the court upon this subject, the general tenor of which was that the court erred in construing the original decree as separating the amount to be paid to the wife from the amount to be paid to the daughter. Thus, the court charged: "I charge you that if Mrs. Crouch had a decree against her husband of $25 per month for the support of her daughter and same sum for her support, and her attorney without her consent modified said decree so as to give her a decree only for the support of her daughter, then, I charge you, the reception each month by Mrs. Crouch of $25 for the support of her

daughter, being the exact sum allowed for that purpose under the original decree, if there was such, would not be a ratification by her of her attorney's act modifying the original decree, unless in receiving it Mrs. Crouch intended thereby to ratify the modified decree." A reference to the original decree will disclose that the court allowed $50 per month for the support of Mrs. Crouch and daughter pending the litigation, and the decree did not undertake to divide this sum in equal parts between the mother and daughter, but it was allowed in gross for their joint support. The court erroneously construed this decree as providing $25 for the support of each instead of $50 for the support of both. The modified decree provided for the monthly payment of $25 for the support of the daughter, and nothing for the wife. Perhaps the most important fact relied upon by the husband to show acquiescence in and knowledge by the wife of the modified decree was that she accepted fifteen monthly payments of $25, each remittance being by check with a notation thereon that it was sent for the support of the daughter, without protesting or complaining during this whole time that the full amount of the original decree was not remitted. When the judge erroneously construed the decree as awarding to the daughter $25 monthly for her support, and instructed the jury that the reception of this sum monthly by Mrs. Crouch for the support of the daughter, as being the exact sum allowed her for that purpose under the original decree, would not be a ratification by her of her attorney's unauthorized act modifying the original decree, unless in receiving the money the wife intended thereby to ratify the modified decree, he took away a substantial defense which the defendant urged against the vacation of the judgment attacked. For this reason we think that a new trial should be had.

Except in this respect, the other criticisms upon the charge are without merit. *Judgment reversed. All the Justices concur.*