## ESTES *v.* ESTES.

No. 13693. APRIL 18, 1941. REHEARING DENIED MAY 16, 1941.

*R. B. Giles,* for plaintiff. *William S. Shelfer,* for defendant.

REID, Chief Justice. The present writ of error is akin to *Estes* v. *Estes*, ante, 94. In an action for divorce by H. S. Estes against Mrs. Nancy Johnson Estes, the parties entered into an agreement settling the defendant wife's claim for alimony for the support of herself and minor child, which was made the judgment of the court. Mr. Estes filed a petition seeking to have the court declare that the judgment had been fulfilled and that no further payments were due thereunder. Mrs. Estes answered, denying the material allegations of the petition, and further sought a rule for contempt against the plaintiff for his failure to make payments under the judgment. The rule for contempt was heard separately, and the judge entered a judgment to the effect that the plaintiff could not, as a matter of law, be held in contempt for failure to make payments under the judgment based on the agreement of the parties, for the reason that it was not made a part of the final verdict and

decree of divorce thereafter rendered. Exceptions were taken to this judgment (*Estes* v. *Estes,* supra). Thereafter the judge dismissed the plaintiff's action on demurrer, and he excepted.

The judgment entered provided, in so far as material here, that the "plaintiff . . pay to defendant as alimony for the support of herself and minor child the sum of fifty-five dollars per month, payable on the first day of each month. Defendant is also awarded the property of plaintiff including furniture located at 1490 Lanier Place, Atlanta, Georgia, subject to a certain loan made to the grantor by the Atlanta Postal Credit Union of Fulton County, Georgia, for the principal sum of three thousand, two hundred and fifty dollars, which loan is assumed solely and entirely by defendant, and plaintiff shall not be required under this order to pay all or any part of said loan, the taxes, repairs, upkeep, or any expenses or obligations whatsoever in connection with said property." The plaintiff alleged, in support of his prayer, that the court should adjudge that the judgment had been fulfilled; that "the agreement was signed with the distinct understanding that the sum of $55 per month would be paid to the defendant only until the minor child, Thelma Estes, reached the age of majority, married, or became self-supporting; and petitioner further shows that the defendant well knew and agreed that said contract would terminate at the marriage of said child or when she became of age, or self-supporting, and accepted in lieu of further payments the house located at 1490 Lanier Place N. E., reasonably worth $10,500 and the furniture and household furnishing reasonably worth $3500 for the support of herself."

We have held, in the case next before, that the judgment entered by the court based upon the agreement of the parties was a valid judgment for alimony, and accordingly entitled to all the force and effect of such a judgment. A judgment awarding to the wife a stated monthly sum as alimony for the joint support of herself and minor child is not, upon the marriage or arrival at majority of the child, even vitiated pro tanto; much less would such events annul the entire award (see *Crouch* v. *Crouch,* 140 *Ga.* 76, 78 S. E. 408; *Miller* v. *Miller,* 105 *Ga.* 305, 31 S. E. 186), and there is nothing peculiar in the terms of the agreement as embodied in the judgment in question which would authorize the conclusion that either of these results was in fact intended by the parties. The judgment

is conclusive on the parties, and the defendant therein can not set up prior or contemporaneous agreement the effect of which would be to alter or modify its terms. Nor does the court have discretionary power to review the judgment, either to abrogate or modify its terms, no such reservation having been made in the judgment. *Coffee* v. *Coffee*, 101 *Ga.* 787 (28 S. E. 977) ; *Hardy* v. *Pennington*, 187 *Ga.* 523 (1 S. E. 2d, 667). The court properly dismissed the action on demurrer.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., who dissents.*