### 18458. Roberson v. Roberson.

Almand, Justice. In a divorce action by Mrs. Bernice Dixon Roberson against Julian M. Roberson, a final decree was entered upon the verdict, granting a divorce between the parties, awarding the four minor children of the marriage to the plaintiff, and requiring the defendant to pay

as alimony for the support of his wife and children $20 per week "until all of said children being [become] self-supporting." On October 3, 1953, the mother brought a petition praying that the father be attached for contempt for the nonpayment of $35, which it was alleged the father had failed to pay according to the decree. In his response the father alleged that several weeks after his son (one of the children named in the decree) had entered the military service, the father contacted his ex-wife's attorney and asked if he should continue to pay $20 per week, and was told that since said child had become self-supporting the father should only send $15 a week for the support of the remaining children, and the sum alleged to be in arrears represents $5 a week that had formerly been paid for the support of the son, which support he was told ceased when the son became self-supporting. In his response the father asked the court to determine whether he should pay $20 per week or $15 per week. The mother filed a demurrer to the response, the grounds being that the response failed to set forth any defense to the contempt action, and that the court was without authority of law to change or modify the final judgment for alimony. On the trial of the rule, the only evidence introduced was an affidavit of the defendant, in which he alleged that he was a man of small means and unable to pay a large amount for the support of the children, that he had never missed a payment, and had reduced the amount of the payments in good faith upon his son's entering the military service. The court entered an order adjudging the defendant as not being in contempt because of any arrears in the payment of alimony, and construing the alimony judgment to mean that the husband was required to pay the sum of $5 per week for the support of each child, and as each child became self-supporting the amount would be reduced to $5 per week for each of the remaining children. The court did not enter any formal order on the demurrer to the petition for contempt. By bill of exceptions the mother assigns error on the order refusing to adjudge the father to be in contempt, and on the court's construction of the final decree. *Held:*

1. After a verdict and decree in a proceeding for divorce and alimony, awarding alimony in a stated amount to the wife for the support of herself and the children, the decree passes beyond the discretionary control of the trial judge, and he has no authority afterwards either to abrogate it or to modify its terms. *Gilbert* v. *Gilbert,* 151 *Ga.* 520 (107 S. E. 490); *Estes* v. *Estes,* 192 *Ga.* 100 (14 S. E. 2d 680).

2. A final alimony decree awarding a given sum of money for the support of the wife and one child cannot be construed as awarding one-half of the amount in severalty to each. *Crouch* v. *Crouch,* 140 *Ga.* 76 (78 S. E. 408). The final decree in the instant case, which fixed the alimony for the wife and children, provided that the sum of $20 should be paid each week by the father "until all of said children being [become] self-supporting." This decree is not ambiguous and requires no construction. By its terms, the father is required to pay the sum of $20 per week until *all* of the children become self-supporting. The decree speaks for itself, and under our rules of practice there is no provision for a proceeding to construe or modify its terms. *Carswell* v. *Shannon,* 209 *Ga.* 596 (1) (74 S. E. 2d 850). The response of the defendant did

348

not set forth any valid defense, and it appearing that he was in arrears in the payment of the alimony to the amount claimed by the mother, the court erred in its construction of the decree and in refusing to adjudge the husband to be in contempt.

*Judgment reversed. All the Justices concur. Duckworth, C. J., and Hawkins, J., concur specially.*

SUBMITTED JANUARY 12, 1954—DECIDED FEBRUARY 9, 1954.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.
*Harold E. Ward,* contra.

DUCKWORTH, Chief Justice, and HAWKINS, Justice, concurring specially. We concur in the judgment of reversal because of the erroneous construction of the alimony decree, but we do not think it follows that the defendant husband should have been adjudged in contempt of court. Under the facts of this case, as disclosed by the record, the failure to pay the full amount called for by the decree was in good faith upon advice of counsel for the plaintiff, and was not the act of one wilfully defying the decree of the court. *Corriher* v. *McElroy,* 209 *Ga.* 885 (76 S. E. 2d 782).