24930. BUFFORD v. BUFFORD.

851

ARGUED NOVEMBER 13, 1968—DECIDED DECEMBER 5, 1968.

*John G. Wright,* for appellant.

*Raymond Alhadeff,* for appellee.

ALMAND, Presiding Justice. This appeal is from an order adjudging the defendant wife in contempt of court for the alleged refusal to comply with the final divorce decree and settlement of the interests of the husband and wife in a parcel of real estate, jointly owned by them.

The parties will be referred to herein as they appeared in the contempt proceedings.

The record discloses that at the time the divorce decree was entered on February 6, 1968, the defendant, Eva R. Bufford, and the plaintiff, Tom Bufford, each owned a one-half interest in their home located in Washington, Georgia. In the final divorce decree, title to the property was awarded to the plaintiff husband, provided he would acquire the wife's interest by the performance of one of three options: (1) by paying her $4,500 with interest at 5% in monthly instalments over a period of 10 years, or (2) by paying her $4,000 within a period of 6 months with interest at 6%, or (3) by the wife's conveying her interest to the husband by warranty deed and in turn the husband's executing a security deed to the wife to secure the amount of $4,500.

At a subsequent term of Wilkes County Superior Court, the former husband, plaintiff, filed his application for attachment for contempt in which he alleged that on February 27, 1968, in accordance with the provisions of Paragraph 7 (b) of the divorce decree (the second option to acquire the defendant's interest in the property), he tendered to defendant's attorney a cashier's check in the amount of $4,000 which the defendant refused to accept, that defendant, former wife, refused to have her mother cancel a security deed which the mother held on the

defendant's one-half interest in the property and that the defendant had refused to execute a warranty deed conveying her one-half interest to the plaintiff.

On a hearing of the rule, it appeared without dispute that the plaintiff tendered a cashier's check dated February 27, 1968, payable to the order of "Mrs. Eva Bufford and Mrs. A. H. Early [the mother]" for $4,000 which defendant refused and that defendant executed a warranty deed to convey her one-half interest to plaintiff but refused to deliver the deed until she received the sum of $4,000 without any conditions attached to it. The trial court permitted oral evidence to be introduced as to the understanding of counsel for both parties pertaining to defendant's obtaining a cancellation of the security deed held by her mother.

After hearing the evidence the trial court on July 26, 1968, adjudged defendant to be in wilful contempt for her failure and refusal to carry out the terms of the final divorce decree of February 6, 1968. This decree provided: "The respondent [defendant] is hereby granted ten (10) days from this date in which to purge herself of this contempt by executing and delivering to her attorney, John Wright, a warranty deed to the home located on Cloverhurst Drive, Lot 19, in Washington, Wilkes County, Georgia, together with the deed to secure debt, executed by respondent to Mrs. Janie L. Early [her mother], and recorded in deed book 83, page 4 of the records of the Clerk of Wilkes Superior Court, said deed to secure debt having been marked 'Canceled' and directing the Clerk of the Superior Court to cancel and mark the same satisfied of record. Failing to so do, the Sheriff of Wilkes County, Georgia, is directed to arrest the person of Eva R. Bufford and incarcerate her in the common jail of Wilkes County, Georgia, until such time as she shall purge herself of contempt by carrying out the terms of this order, by complying with said final judgment and decree as directed herein.

"Further order that the movant [plaintiff], Tom Bufford have issued a cashier's check or money order in the amount of $4,000, together with interest due thereon from February 6, to February 28, 1968, to respondent's attorney."

The defendant enumerates as error this order and the trial

court's lack of jurisdiction or authority to amend the divorce decree which was entered at a prior term of court.

Both of these grounds are well taken.

■ Under the second option of the divorce decree which plaintiff elected to exercise, he acquired the defendant's interest in the home place upon his paying the defendant $4,000, at which time the defendant's one-half interest would vest in him. Under this provision of the divorce decree the defendant was under no obligation to execute a warranty deed to plaintiff. The undisputed evidence shows the plaintiff tendered a cashier's check payable jointly to the defendant and her mother. This not being in compliance with the decree, defendant was within her rights in refusing to accept the check. Further, under the provisions of this second option, there was no requirement that defendant execute a warranty deed conveying her one-half interest to the plaintiff.

The trial court erred in finding the defendant in contempt for her refusal to accept the check and execute a warranty deed to the plaintiff.

■ After the term in which a final decree is rendered, the general rule is that the court is without power to amend the decree in any matter affecting its merits. *Richards v. McHan,* 139 Ga. 37 (3) (76 SE 382). "A judgment regular on its face can not at a subsequent term be amended in a material respect, even though the amendment makes it conform to the original judgment as orally rendered; there being no proceeding brought for that purpose, with due notice to parties whose rights are to be affected." *Crowell v. Crowell,* 191 Ga. 36 (11 SE2d 190).

A final divorce decree settling the interest of the parties in a parcel of real estate is conclusive on the parties, and the husband cannot set up a prior or contemporaneous agreement the effect of which would be to alter or modify its terms. *Estes v. Estes,* 192 Ga. 100 (14 SE2d 680).

The trial court in its order adjudging the defendant to be in contempt of court in effect amended the final decree when it ordered the defendant to execute and deliver a warranty deed to the plaintiff conveying her one-half interest in the home

place and to deliver to the plaintiff as canceled the security deed from the defendant to her mother, Mrs. A. H. Early. This the trial court was without power to do.

*Judgment reversed. All the Justices concur.*