## 25182. ADAMS v. ADAMS.

FRANKUM, Justice. The plaintiff and the defendant are husband and wife. On or about June 26, 1962, having previously separated, the wife filed suit for permanent and temporary alimony and for support for their three minor children. On June 16, 1964, one of the judges of Fulton Superior Court wherein that suit was pending passed an order awarding to the plaintiff in that case (who is the defendant here) custody of the children. Among other provisions, that order required the payment by the husband of $150 per week as temporary alimony for the support and maintenance of the wife and the three minor children. On January 9, 1969, the plaintiff husband filed a complaint for divorce, the same being an independent suit, separate and distinct from the alimony proceeding filed in 1962. In his complaint the plaintiff prayed for total divorce and that a rule nisi issue requiring the defendant to show cause why the temporary alimony order of June 16, 1964, should not be abated; why the plaintiff should be required to pay any money for the support of one of the children who had subsequent to the separation of the parties and rendition of the temporary alimony decree reached her majority and had married; why the amount being paid to the defendant should not be reduced to "zero"; and why the amounts being paid to the defendant for the support of the other two children should not be reduced to "zero" during those periods when they are in college and being supported separately by the plaintiff, or in the alternative should not either be reduced or remain the same. The trial judge issued a rule nisi on the plaintiff's petition and before the same came on to be heard the defendant filed a pleading entitled in both cases in which she moved that the two cases be consolidated. Thereafter, the matter came on for a hearing and after hearing evidence

the trial judge, without passing upon the motion for consolidation, passed an order, entitled in the name and style of the alimony suit, modifying the order of June 16, 1964, in the following material respects: By ordering the defendant husband to pay to the plaintiff for her support $50 per week and, for the support of the two minor daughters of the parties, an additional $50 per week each, said sum to be prorated $50 per week for each child and to abate to that extent as to each respective child when she reaches the age of twenty-one years, marries, dies or becomes self-supporting. The husband appealed from the order and judgment.

1. While the dollar amount that the husband is presently required to pay to the wife is no different from the amount he was required to pay under the order of June 16, 1964, the order appealed from is, in at least one respect, far more beneficial to him than was the former order. Under that order, he was required to pay to his wife "for the support and maintenance of herself and the three minor children, the sum of $150 per week." Such a decree "cannot be prorated among the wife and children so as to separate the amount awarded to the wife and to the children," and it does not authorize the pro rata reduction in the amount to be paid to the wife when one of the children marries, becomes self-supporting, or reaches the age of majority. *Blalock v. Blalock*, 214 Ga. 586 (4) (105 SE2d 721), and cases cited therein. Thus, in the absence of the modifying order appealed from, the husband would be required to continue to pay to the wife the full sum of $150 a week regardless of the death, marriage or attainment of majority, and self-supporting status, of any or all of the minor children of the parties. Under these circumstances the order appealed from was more beneficial to the husband, and he cannot now be heard to complain that the order was erroneous in failing to reduce the alimony to be paid to the wife.

2. The evidence showed that at the time the previous temporary alimony and support order was rendered the wife had no income; that she now has an income of about $400 per month; that at the time of the previous order the husband's net income after taxes was a little over $13,000; that in 1968 the husband's net income after taxes was in excess of $25,000. It cannot be said, therefore, that the order requiring him to pay $50 per week for each of the two minor

children of the parties, and $50 per week to the wife was excessive and constituted an abuse of discretion on the part of the trial court. The order clearly eliminated support for the other child of the parties who had attained her majority and who had married, and was not erroneous for failure to do this as contended by the husband.

3. Since the plaintiff in his complaint specifically asked that the previous temporary alimony and child support judgment be modified, he cannot now complain that the judgment appealed from granted relief in that respect.

4. The complaint in this case, which was filed on January 9, 1969, sought a prospective modification of the previous temporary alimony and child support order. Under the previous order and under the order appealed from, custody of the minor children involved was awarded to the wife with the right of reasonable visitation privileges in the husband. The evidence with respect to the earnings of the two minor children here involved related to their earnings in 1968, and was excluded by the court on objection that it was irrelevant and immaterial. No evidence was offered with respect to the anticipated earning of such children in 1969 (if, indeed, competent evidence as to this could have been adduced). Thus, no question is presented by this appeal as to whether the husband could take credit for any such earnings against his obligation to pay support for the children in 1969. (See in this regard *Code* § 53-507.) Under these circumstances, the enumeration of error respecting the exclusion of the evidence as to the earnings of the children does not show error.

5. The court did not err in refusing to consider voluntary payments made by the husband directly to the children or to others on their behalf for the purpose of paying college educational expenses, or in refusing to provide for credit as to such payments in the future. See *Creaden v. Krogh,* 75 Ga. App. 675, 678 (44 SE2d 136).

6. We have carefully considered the remaining grounds of enumerated error and find no merit in any of them.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 13, 1969—DECIDED JUNE 16, 1969—
REHEARING DENIED JULY 10, 1969.

*J. E. Wilson,* for appellant.
*Mose S. Hayes,* for appellee.