## 28365. ROBERTS v. ROBERTS.

Nichols, Justice. Larkin W. Roberts was held in contempt of court in a proceeding instituted by his former wife because of a failure to make child support payments. The original decree provided, with certain contingent exceptions, for payments until each child of such marriage attained his or her 21st birthday. The amount of the payments due for the support of the two older children is not disputed but rather whether the amount shown to be due was due at all where, without the consent of the mother, such older

children, after high school and after one year of college respectively, decided to and did reside with the father when they were not in college, but no modification of the prior alimony and child support decree was made.

1. Under decisions exemplified by *Combs v. Combs,* 216 Ga. 715, 716 (119 SE2d 341), and cases there cited, the appellant was not relieved of his obligations under the original divorce decree to make the child support payments to his former wife where the original decree had not been modified and there was no consent, express or implied, that the children be permitted to live with their father when not in college, but at most a recognition by the mother that she could not *force* them to live with her.

2. The case of *Biggers v. Biggers,* 222 Ga. 139 (149 SE2d 98), relied upon by the appellant father is distinguishable on its facts from the present case for there the trial court found that the former husband was *not in wilful contempt* while here the trial court found the former husband to be in contempt of court.

3. The judgment of the trial court finding the appellant in contempt of court for failure to pay the child support payments as required by the divorce decree was not error for any reason enumerated.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 15, 1973 — DECIDED NOVEMBER 8, 1973.

*Watson, Brown & Foster, John L. Watson, Jr.,* for appellant.
*Hayes & Hayes, Mose S. Hayes,* for appellee.