### 29311. BARKER v. BARKER.

UNDERCOFLER, Justice.

This appeal is from an order denying modification of an alimony award. Appellant was divorced in Georgia in January, 1973. By agreement made the judgment of the court alimony and child support were awarded to the wife. At that time appellant's income was approximately $26,000 per year. He remarried in December, 1973. Prior to the filing of this petition appellant was a district manager of a corporation in Seattle, Washington. In May, 1974, he requested and was granted a transfer to Atlanta, Georgia, as a salesman for the company. Ten days later he filed this petition. So far as can be determined from the record appellant's principal income consists of a basic salary, commissions, and bonuses. Upon his transfer to Atlanta his basic salary was reduced 10-15% below the amount earned at the time of the alimony judgment. At the same time his savings account of $12,000 has been depleted to $1,100 by the assumption of $3,000 of his present wife's debts, moving expenses from Seattle, and the payment of $1,450 to purchase a car for his son. *Held:*

1. Code Ann. § 30-220 provides that upon a change in income and financial status of the husband an alimony judgment "may" be revised. Ga. L. 1955, pp. 630, 631; 1964, pp. 713, 714. The statute does not require a revision. Therefore, the question here is whether the evidence demanded a revision. We think not. Although appellant's basic salary is presently reduced, he is eligible for raises and at this point his commissions and bonuses for the year cannot be determined. At the time of the hearing he had been in his new position in Georgia for only four weeks. Accordingly, the judgment of the trial court will not be disturbed. Compare *Peace v. Peace,* 226 Ga. 571 (176 SE2d 51).

2.  We find no abuse of discretion in the trial court's refusal to grant a continuance because of the wife's alleged failure to comply with a notice to produce. The trial court's finding of substantial compliance with the notice to produce is supported by the record.

3.  Under our ruling in Division 1 it is unnecessary that we review other alleged errors in the trial court's findings of fact.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 17, 1974 — DECIDED NOVEMBER 5, 1974.

*Darryl R. Vandeford,* for appellant.
*Raymond H. Vizethann, Jr.,* for appellee.

