## 29275. McCORD v. McCORD.

PER CURIAM.

Turner Ashby McCord, Jr. appeals from a judgment of the Superior Court of Peach County holding him in wilful contempt for failure to pay alimony to the appellee Martha Ellen Ginn McCord during the months of May and June, 1974. At issue is whether certain language used in the verdict and judgment awarding alimony to the appellee operates to terminate such payments at the time their children reach majority.

The parties were divorced after a jury trial in Peach Superior Court in 1969. The verdict of the jury provided as follows, in pertinent part: "We award the house to the plaintiff, Mrs. Martha Ellen McCord, for so long as it is

maintained as a home for herself and children, or until death or remarriage; at which time the house would revert back to the estate of Mr. T. Ashby McCord, Jr. . . . We award the plaintiff the amount of $750.00 per month for her support, payments beginning November 1, 1969 and continuing so long as the house is maintained for herself and children or until death or remarriage. We award $100 per month for each child plus college expense beginning November 1, 1969 and until each child reaches their 21st birthday." These provisions were incorporated into the judgment of the superior court.

In her petition for contempt for failure to make the $750 payments for the months of May and June in 1974, the appellee wife alleged that she had not remarried and continued to reside in the house, and that the youngest child continued to reside at home with her. Both children have reached the age of 21.

The appellant responded that he was relieved from making these payments because the verdict and judgment set forth above "terminates his payment of alimony upon her no longer maintaining the house for herself and the children," and that their offspring are "no longer children according to the laws of the State of Georgia." He contends that the words "and" and "or" are not interchangeable and that the award of alimony was intended to continue only so long as the house was used for the wife *and* the children. He argues that if the jury had intended to provide this alimony until the wife's death or remarriage without exception, the language used would serve no useful purpose and would be mere surplusage.

We do not agree with this construction. The provisions quoted above clearly distinguish the award of alimony to the wife (use of the residence and $750 a month) from the child support ($100 a month and college expenses). Moreover, it is well established that "A judgment awarding to the wife a stated monthly sum as alimony for the joint support of herself and minor child is not, upon the marriage or arrival at majority of the child, even vitiated pro tanto; much less would such events annul the entire award [Cits.]." *Estes v. Estes,* 192 Ga. 100, 101 (14 SE2d 680). See also *Blalock v. Blalock,* 214 Ga. 586 (4) (105 SE2d 721) and cits.

If the jury had intended the construction urged by the appellant, it could have specified that the alimony payments terminate when the youngest child reached its twenty-first birthday as it did in regard to the child support. Since it did not, we conclude that the logical result intended by the language used was for this portion of the alimony award to terminate only if the wife ceased to maintain the house as her residence, or died or remarried. None of these conditions having occurred, the appellant was properly held in contempt of court for failure to make these payments.

*Judgment affirmed. All the Justices concur. Hill, J., not participating.*

SUBMITTED OCTOBER 4, 1974 — DECIDED JANUARY 7, 1975.

*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, Kice H. Stone,* for appellant.
*Charles R. Adams, Jr.,* for appellee.