### 30153. EDWARDS v. EDWARDS.

HALL, Justice.

This is an appeal from a judgment finding the appellant in contempt of a previous decree ordering him to pay specified child support payments. The divorce decree awarded the mother custody of the four children and provided that the father pay an amount equal to fifty percent of his net income (which is defined) for the support and maintenance of the four minor children. While no amount is allocated to any one child, the decree does

provide that child support payments will be reduced by fifteen percent as each child reaches the age of eighteen, but by not less than $100 per month.

Subsequently one child who was over the age of fourteen elected to live with the father. The father then filed an action to modify the decree to reduce the amount of child support and to award him custody of the child who resided with him. The court order changed custody of the one child to the father but did not reduce the support provisions of the decree. Having obtained custody of one of the four children, the father reduced the amount of child support by $100 per month. A few months later the mother cited the father for contempt predicated upon the reduction of the child support payments. A hearing was held and an order was entered which stated that the court found the defendant was "not in wilful contempt." There was no appeal from the order nor is there a transcript of the hearing. Approximately six months later the mother again cited the father for contempt predicated upon the reduction of the child support payments. The father moved to dismiss on the grounds of res judicata. The trial court after a hearing overruled the motion, found the father to be in wilful contempt and allowed him to purge himself of the contempt by payment of the amount of $1,000 and $250 attorney fees.

1. Assuming but not deciding that the principle of res judicata is applicable to these proceedings, it cannot be said that the appellant carried the burden on his motion because of the ambiguities that arise from the record, viz., the generality of the order holding that the father was not in wilful contempt and the lack of a transcript of the first contempt hearing. See *Beach v. Beach,* 224 Ga. 701 (1) (164 SE2d 114).

2. An alimony decree awarding a given sum for the support of the wife and children is an award to the group as a family unit and cannot be prorated among the wife and children except as specifically provided in the decree. *Lord v. Lord,* 231 Ga. 164 (200 SE2d 759); *Adams v. Adams,* 225 Ga. 375 (169 SE2d 160); *Roberson v. Roberson,* 210 Ga. 346 (2) (80 SE2d 283); *Crouch v. Crouch,* 140 Ga. 76 (78 SE 408). It follows that this same principle is applicable where the award is for child

support to the children as a group. Since the only provision for reduction of the undivided award is when each child reaches the age of eighteen, the trial court did not err in finding the father in wilful contempt of the child support decree.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs specially.*

ARGUED JULY 8, 1975 — DECIDED SEPTEMBER 16, 1975.

*Araguel & Sanders, Jerry D. Sanders,* for appellant.
*Kelly, Champion, Denny & Pease, Phillip J. Johnson,* for appellee.

HILL, Justice, concurring specially.

I concur in the judgment of the court for the reason that the father reduced the amount of child support after his application to reduce child support was denied by the trial court and no appeal was taken.