## 30462. BAILEY v. BAILEY.

INGRAM, Justice.

This appeal, from the Superior Court of Muscogee County, involves the construction of an agreement in a divorce case that was incorporated in the final decree and is now in dispute through contempt proceedings to enforce payment of increased child support provisions contained therein.

The pertinent parts of the agreement are as follows: "The husband shall pay to the wife child support of $200 per month per child beginning on May 3, 1971, and a similar amount of $200 per child on the 3rd day of each month thereafter until said children reach twenty-one years of age, die, marry or become self-supporting, whichever event occurs first." "The husband agrees that as he receives cost-of-living raises under his military retirement benefits, he will pay the amount of any raise each month to the wife as additional child support, under the conditions set forth above."

At the hearing on the contempt citation, the trial court found that one of the two children had reached the specified age of majority and was no longer eligible for any child support under the agreed support provisions of the divorce decree. This finding is not disputed as both parties acknowledge that only one of the two children is now entitled to child support.

The disagreement between the parties arises from the wife's contention that the husband is obligated to continue paying the entire cost-of-living increase to her as additional child support rather than only one-half of the increase as contended by the husband. The trial court ruled that, since only one child was now entitled to support, only one-half of the cost-of-living increase should be paid as additional child support.

The most recent case decided by this court relating to a similar legal issue is *Edwards v. Edwards,* 235 Ga. 199 (1975). In Division 2 of the opinion, it is stated that, "[a]n alimony decree awarding a given sum for the support of the wife and children is an award to the group as a family unit and cannot be prorated among the wife and children except as specifically provided in the decree.

[Cits.] It follows that this same principle is applicable where the award is for child support to the children as a group."

An application of this principle followed in *Edwards* to the language of the present decree requires· the conclusion that the basic award of·child support was not "to the children as· a group," but was a divisible award of "$200 per· month ·per child." That part of the agreement providing for an increase in the basic· child support states that the husband "will pay the amount of any raise each month to the wife as additional child support, under the conditions set forth above." We agree with the trial judge that, when these two provisions of the agreement are read together, they contemplate proration of the increased amount between the two children. The pervasive scheme of these child support provisions· is divisible rather than unitary.

·The trial court did not err in prorating the increased amount between the two children and ordering the husband to continue paying only one-half of the additional sum to the wife since one of the two children is no longer entitled to any child support under the terms of the divorce decree.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 4, 1975 — DECIDED DECEMBER 2, 1975.

*Hirsch, Beil & ·Partin, Milton Hirsch,* for appellant.
*Martin, Kilpatrick & Davidson, Paul Kilpatrick, Jr.,* for appellee.