## 30766. THOMAS v. THOMAS.

HALL, Justice.

Where under the divorce decree the mother is the custodial parent and the father is obligated to pay $200 per month per child as child support, he may not unilaterally reduce the support payment by any amount even though one child subsequently decides to begin living with him and in doing so is in fact supported by him. The trial court did not err in holding the father in contempt in these circumstances. *Roberts v. Roberts,* 231 Ga. 370, 200 (202 SE2d 57) (1973); *Combs v. Combs,* 216 Ga. 715, 716 (119 SE2d 341) (1975). See *Edwards v. Edwards,* 235 Ga. 199, 200 (219 SE2d 117) (1975). Cf. *Peacock v. Peacock,* 212 Ga. 401, 402 (93 SE2d 575) (1956).

The advent of this child's 18th birthday is without significance to the result here. *Jenkins v. Jenkins,* 233 Ga. 902 (214 SE2d 368) (1975); *Choquette v. Choquette,* 232 Ga. 759 (208 SE2d 848) (1974).

There is no merit to the father's claim that the living expense he furnished this child over and above the educational expenses he was required by the decree to meet should be a set-off against the arrearage in child support due the mother. *Adams v. Adams,* 225 Ga. 375, 377 (169 SE2d 160) (1969). The father is not being subjected to any double liability — he is voluntarily paying expenses for which he is not legally obligated under the decree, which does not require him to pay the child's "board" while at college.

The contempt judgment was authorized, and the award of attorney fees to the mother under Code Ann. § 30-219 was proper.

*Judgment affirmed. All the Justices concur.*

Submitted January 29, 1976 — Decided February 17, 1976.

*Moulton, Carriere, Cavan & Maloof, J. Wayne Moulton,* for appellant.

*Hicks, Huddleston & Medori, H. Martin Huddleston,* for appellee.