*Dane Perkins,* for appellee.

## 33881. BAILEY v. BAILEY.

MARSHALL, Justice.

The parties to this suit obtained a divorce in the Heard Superior Court in 1975. The jury awarded the wife $100 per month as permanent alimony and $475 per month for the support of the parties' five minor children. In accordance with the jury verdict, the final divorce decree ordered the husband to pay $475 per month for the support of the parties' minor children, but the decree failed to specify the number of children.

In January of 1978, the appellant former husband filed a declaratory judgment action in which he averred that: (1) the parties' oldest child had reached 18 years of age in October of 1977 and had become emancipated, and (2) the parties' second oldest child would reach 18 years of age in December of 1978. The appellant prayed that the jury verdict be interpreted as a pro rata award of child support to the children and that he be allowed to reduce his child support payments in the amount of $95 per month as each child reaches 18 years of age or otherwise becomes emancipated. The appellant also prayed that the final divorce decree be amended to conform to the verdict. Other issues were raised in the declaratory judgment petition, but they were settled by agreement of the parties. *Held:*

An alimony award ordering the husband to pay a specified sum for the support of the wife and children cannot be prorated among them so as to separate the amount awarded to each (*Crouch v. Crouch,* 140 Ga. 76 (78 SE 408) (1913)), and it does not authorize a pro rata reduction in the amount to be paid the wife when one of the children marries, becomes self-supporting or reaches the age of majority. *Lord v. Lord,* 231 Ga. 164 (200 SE2d 759) (1973); *Adams v. Adams,* 225 Ga. 375 (1) (169 SE2d 160) (1969); *Estes v. Estes,* 192 Ga. 100 (14 SE2d 680) (1941). This same principle applies where the award is for child support to the children as a group. *Edwards v. Edwards,* 235 Ga. 199 (2) (219 SE2d 117) (1975). Cf.

*Bailey v. Bailey,* 235 Ga. 658 (219 SE2d 368) (1975).

The trial court was correct in its interpretation of the previously cited decisions of this court. We find no error on the part of the trial court in denying the relief prayed for by the appellant.

*Judgment affirmed. All the Justices concur, except Jordan, J., who dissents.*

SUBMITTED JULY 28, 1978 — DECIDED SEPTEMBER 28, 1978.

*Henry N. Payton,* for appellant.
*Gus L. Wood,* for appellee.

HILL, Justice, concurring.

I concur in the opinion and judgment of the court. However, it would seem to me that at some point as these children reach majority, the former husband should be entitled to seek modification of his child support obligations under Code Ann. § 30-220. If he cannot qualify thereunder, then it would appear that no great harm has been done by allowing the remaining minor child or children to receive the benefit of the monthly child support payment expended for fewer and fewer children.