## 34018. IVESTER v. IVESTER.

HILL, Justice.

The 1976 divorce decree between these parties awarded custody of the couple's 4 minor children to the mother and awarded her alimony and $440 per month in lump sum child support. The decree incorporated an agreement which provided that monthly child support be reduced $100 as each of the first 3 children reached age 18, with cessation of the remaining $140 when the 4th child reached age 18. There was no provision for reduction in the event of emancipation or death prior to reaching age 18.

The father filed a complaint for modification of the alimony award asserting a substantial change in the financial status of the parties. He also petitioned for a change in the custody of the parties' fourteen-year-old son who had, since the original decree, elected to live with the father. By amendment to his complaint, the father asserted that since his seventeen-year-old daughter had married and become fully emancipated and since his fourteen-year-old son was now living with the father, he was entitled to a $200 per month reduction in his child support obligation as provided in the decree even though neither child had reached age eighteen.

The trial court found that although the two children were no longer in the mother's custody and were not supported by her, the father's lump sum obligation could not be reduced on a per capita basis because the child support was payable for the children as a group. The effect was to deny that prayer of the complaint seeking downward modification of child support. We granted an interlocutory appeal.

Where the only provision for reduction of a lump sum child support award made for two or more children is when each child reaches the age of eighteen, a change in custody of one of them does not of itself bring about a pro rata reduction in the amount of that support. *Edwards v.*

*Edwards,* 235 Ga. 199 (2) (219 SE2d 117) (1975); *Waller v. Waller,* 237 Ga. 336 (227 SE2d 374) (1976). See *Thomas v. Thomas,* 236 Ga. 311 (223 SE2d 691) (1976). Hence the trial court was correct in holding that the father was not entitled to the $200 reduction sought by him.[1]

. However, this does not preclude the father from seeking modification of the child support award based on a change in his income or financial status. Code Ann. § 30-220; *Schneider v. Spivey,* 240 Ga. 468 (241 SE2d 224) (1978). See *Bailey v. Bailey,* 242 Ga. 289 (1978) (concurring opinion).

In the instant case the trial court found as a fact that the son's selection of the father as the custodial parent increased the father's expenses. This factor may be considered in a claim for modification based upon a change in the father's financial situation. Code Ann. § 30-220. On the other hand, a change in the father's income or financial status does not mandate a revision in child support; the statute merely permits such revision. *Culberson v. Culberson,* 237 Ga. 269 (227 SE2d 265) (1976); *Barker v. Barker,* 233 Ga. 170 (210 SE2d 705) (1974). In sum, the father may be entitled to modification of child support based on changed financial conditions but he is not entitled as a matter of right to the per capita reduction he sought. Accordingly, this case is remanded

---

[1]The reason for the rule prohibiting per capita reduction of a lump sum child support award made to a group is difficult to express but easy to illustrate. Assume that a mother is awarded custody of 3 children and is to receive $300 per month in child support, plus $100 per month for herself as alimony. The 4 of them rent an apartment leasing for $125 per month. Housing thus costs about $31 per month per person. When two of the children reach majority, the mother must still provide the third child with a place to live, plus food and clothing, etc. But now housing is costing $62.50 per month per person. The parties in the case before us recognized that the expense of maintaining the last child is greater than per capita division would indicate. The courts have recognized it in the rule set out above.

for further proceedings.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED OCTOBER 17, 1978.

*F. Glenn Moffett, Jr., L. Prentice Eager, III,* for appellant.

*Irwin M. Levine,* for appellee.