## 34626. BURDESHAW v. KILGORE.

UNDERCOFLER, Presiding Justice.

Carolyn Jo Kilgore deeded her one-half interest in a house and lot to her husband on September 10, 1976. Her husband owned the other one-half interest. The parties were divorced on November 24, 1976. Carolyn Jo Kilgore died on November 30, 1976, unmarried and living in the house. Her administrator brought this suit against Arvel M. Kilgore, the ex-husband, seeking to set aside the deed, to declare that the decedent owned a one-half interest in the house and lot under the separation agreement, and for partition. The trial court granted defendant's motion for summary judgment. This appeal followed. We affirm.

Appellant argues there was no consideration for the deed, it was executed under duress, and that the decedent retained an equitable interest in the property under the terms of the separation agreement. The separation agreement, made the judgment of the court in the divorce action, was a complete settlement of the wife's right to past, present, and future claims to alimony and property. The separation agreement is clear. It provided the decedent had the exclusive use of the property provided she pay the mortgage installments and remained

unmarried. If she remarried she could elect to purchase it for fifty per cent of the equity. If she remained unmarried and removed from the property, the property was to be sold and the net proceeds divided equally. She did neither. *Cleveland v. Tully,* 232 Ga. 377 (207 SE2d 18) (1974). Also the separation agreement bars an attack upon the validity of the deed executed by the wife prior thereto. "A final divorce decree settling the interest of the parties in a parcel of real estate is conclusive on the parties." *Bufford v. Bufford,* 224 Ga. 850, 853 (165 SE2d 128) (1968).

*Judgment affirmed. All the Justices concur.*

SUBMITTED MARCH 2, 1979 — DECIDED APRIL 17, 1979.

*Edwin S. Varner, Jr.,* for appellant.
*Thomas H. Hinson,* for appellee.