41004, 41005. BERMAN v. BERMAN; and vice versa.
(319 SE2d 846)

Smith, Justice.

The Bermans were granted a divorce in DeKalb Superior Court in 1972. The final decree incorporated an agreement providing periodic alimony and child support for appellant, Mrs. Berman, and the couple's three sons who were in her custody. This is the Berman's ninth appearance before this court.

On March 3, 1981, appellee, Dr. Berman, filed a petition for modification of the alimony and child support agreement in Fulton County Superior Court. He alleged two grounds for modification: (1) a change in his income and financial status, see OCGA § 19-6-18 (a), and (2) the existence of a meretricious relationship, see OCGA § 19-6-19 (b). In April 1983, after almost two years of extensive discovery, the case was heard for five days by a Fulton County jury.

The jury, using a special verdict form, terminated appellant's alimony based on its finding that she was involved in a meretricious relationship. The jury did not require appellant to contribute to the support of her 17-year-old son who had elected to live with appellee.

Appellant's motion for a new trial was denied November 3, 1983, and we granted her application for discretionary appeal December 29, 1983. Appellant enumerates eight errors, only one of which has merit. Appellee filed a cross-appeal with two enumerations of error. They are without merit.

*Case No. 41004*

1. Appellant contends as her eighth enumeration of error that the trial court erred in charging the jury that it must either reduce or terminate her alimony if it found the existence of a meretricious relationship. We agree.

The modification statute, originally enacted in 1955, (Ga. L. 1955, p. 630) has been amended three times. (Ga. L. 1964, p. 713, § 1; Ga. L. 1977, p. 1253, § 1; Ga. L. 1979, p. 466, § 23). Subsection (a) contains language of instruction for the trier of fact. "After hearing both parties and the evidence, the jury, or the judge where a jury is not demanded, by either party, *may* modify and revise the previous judgment." (Ga. L. 1979, p. 466, § 23). (Emphasis supplied.) We held, based on the legislature's use of the word "may," that "[t]he statute does not require a revision." *Barker v. Barker*, 233 Ga. 170 (210 SE2d 705) (1974). Subsequent to our decision in *Barker*, supra, the General Assembly added subsection (b), the so-called "live in lover" provision, which offered husbands obligated to provide alimony to former wives another ground to seek modification. It provided in pertinent part, "voluntary cohabitation of the former wife with a man *shall also be*

*grounds to modify* provisions made for periodic payments of permanent alimony for the support of the former wife." (Ga. L. 1977, p. 1253, § 1 (b)). (Emphasis supplied.) During the 1979 session of the General Assembly, subsection (b) was amended to comply with the standards announced in Orr v. Orr, 440 U. S. 268 (99 SC 1102, 59 LE2d 306) (1979). The new wording of subsection (b) was amended to read, "voluntary cohabitation of such former spouse with a third party in a meretricious relationship *shall also be grounds to modify* provisions for periodic payments of permanent alimony for the support of such former spouse." (Ga. L. 1979, p. 466, § 23). (Emphasis supplied.) The instructions to the trier of fact in subsection (a) have remained unchanged. "It is a well settled canon of statutory construction that statutes are presumed to be enacted by the legislature with knowledge of existing law." *Hart v. Owens-Illinois,* 250 Ga. 397, 400 (297 SE2d 462) (1982). Following this rule of construction, we find that the legislators were aware of our decision in *Barker,* supra, when they provided the additional ground for modification (subsection (b)) in 1977, and when they amended it in 1979. Just as the trier of fact "may" modify on the grounds set forth in subsection (a), it "may" also modify on the grounds set forth in subsection (b). We held that, "[t]his provision does not mandate the *termination* of periodic alimony." *Hurley v. Hurley,* 249 Ga. 220, 221 (290 SE2d 70) (1982), and today we hold that it does not mandate reduction. Reduction of alimony, like termination, is an issue of fact for the jury to resolve. Here, the combination of the charge to the jury and the special verdict form forced the jury to either reduce or terminate.[1] The decision of whether or not to modify is within the discretion of the trier of fact and should not be taken away from it. See *Marsh v. Marsh,* 243 Ga. 742 (256 SE2d 442) (1979).

2. Appellant enumerates as errors 3, 5, and 7, refusal of the trial court to give requested charges.

" 'A request to charge should in itself be correct, and even perfect; otherwise the refusal to give it will not be cause for a new trial.' "

---

[1] The pertinent part of the charge to the jury was as follows: "Ladies and Gentlemen of the jury, I charge you that the existence of a meretricious relationship between the defendant and a third party of the opposite sex would *allow you to either terminate the defendant's alimony payments or to reduce* the amount of the alimony payments." (Emphasis supplied.)

Section I of the special verdict read: "A._____ Dr. Merrill Berman should be granted a modification in his alimony payments because Donna B. Berman and _____ have been dwelling together continuously and openly in a meretricious relationship. B._____ Dr. Merrill Berman should not be granted a modification in his alimony payments because Donna B. Berman and _____ have not been dwelling together continuously and openly in a meretricious relationship."

"Should you write an 'X' in the space opposite Section IA . . . above, please complete the following: We the jury, find that alimony be reduced from $400 per month to $_____ per month, or that alimony be terminated _____."

*Kessel v. State*, 236 Ga. 373, 374 (223 SE2d 811) (1976). The requested charges were incorrect, therefore, it was proper for the trial court to refuse them.

3. We find no merit in enumerations of error 1, 2, 4, and 6.

### *Case No. 41005*

On cross-appeal, cross-appellant enumerates two errors.

1. Cross-appellant first contends that the trial court erred in refusing to charge the jury that the child support payments to cross-appellee on behalf of their son, who is in college, could be eliminated.

According to the agreement, cross-appellant is obligated to pay cross-appellee $200 per month as child support until "a child shall marry, die, enter the military service or become self-supporting." Cross-appellant argues that his son is either "self-supporting" or being supported by him, therefore, he should no longer be required to pay child support for the son to cross-appellee. There was no evidence that the son, in college, is self-supporting. Furthermore, there is no authority that would allow us to terminate child support payments to cross-appellee on behalf of the child because cross-appellant provides voluntary additional support to the child while in college. Contrary to cross-appellant's position we have held that voluntary payment of college expenses does not relieve the obligated parent from paying the required support. See *Thomas v. Thomas*, 236 Ga. 311, 312 (223 SE2d 691) (1976); *Combs v. Combs*, 216 Ga. 715, 716 (119 SE2d 341) (1961). We find no error.

2. Cross-appellant's second contention is that the verdict of the jury was in error in refusing to require cross-appellee to pay child support for the 17-year-old son in his custody. "[I]f there is any evidence to support the jury's verdict and court's judgment, the judgment will not be disturbed on appeal." *Scott v. Scott*, 243 Ga. 472, 473 (254 SE2d 852) (1979). The evidence in this case supported the jury's verdict, therefore, we find no error.

*Judgment reversed as to Case No. 41004. Judgment affirmed as to Case No. 41005. All the Justices concur.*

DECIDED SEPTEMBER 6, 1984 —
REHEARING DENIED SEPTEMBER 25, 1984.

*William Lewis Spearman*, for appellant.

*Turner, Turner & Turner, Jack P. Turner, Anne H. Jarrett*, for appellee.