A89A2026. F & F COPIERS, INC. v. KROGER COMPANY.
(391 SE2d 711)

BEASLEY, Judge.

F & F Copiers appeals from the grant of Kroger's motion for summary judgment.

In February 1985 the parties entered into a "Service Agreement" for F & F to supply and maintain coin-operated copy machines to designated Kroger stores in certain cities in Georgia. The contract was physically prepared by Kroger but the parties mutually negotiated it, each participating by supplying clauses supplementing the standard terms and discussing each term. The agreement was for the three-year period February 18, 1985, through February 17, 1988. The consideration was 1,000 (later reduced to 750) free copies monthly to each Kroger store plus 20 percent commission to Kroger on "all paid for copies."

The final item in the contract was: "This *agreement* shall continue in effect with the right of either party hereto to cancel same by delivering to the other written notice to that effect at least thirty (30) days prior to discontinuance of service. This agreement supersedes any and all prior agreements." [Emphasis in original.] Some of the other terms called for commissions to be received by Kroger not later than the tenth day of the following month, with failure to account by that date constituting violation and automatic 30-day termination notice to F & F. Thirty-day notice to Kroger of F & F's intent to transfer interest in the business, with a right in Kroger to terminate the agreement within 30 days if it deemed a transfer of interest not in keeping with its guidelines, removal or relocation of a copier, once

installed, to be upon mutual agreement.

Under the contract approximately 52 stores were furnished with copiers. Kroger received its last commission check in April 1986. On October 31 Kroger sent F & F a 30-day notice "for cancellation and removal" of copiers from ten named stores under "Phase I of its conversion to a Kroger-owned program." F & F complied and Kroger followed with a letter dated November 4, "for cancellation and removal" as to ten other stores under "Phase II." F & F also complied with that notice but on November 18 wrote Kroger that it disagreed that Kroger could terminate the contract, contending instead that the contract was for a three-year term and the thirty-day cancellation provision only applied following expiration of that period.

F & F sued Kroger the following April, for contract breach without just cause. In July Kroger notified F & F to remove all remaining copiers, or Kroger would consider them in trespass. F & F removed the copiers.

After discovery, Kroger moved for summary judgment and F & F moved for partial summary judgment. The latter was denied and the former, granted.

F & F's position is that the contract encompassed a three-year period and only after expiration did the 30-day cancellation notice activate. Kroger's position is that the notice provision was effective at any time during the course of the contract and permitted unilateral termination by either party.

1. *"Contracts, even when ambiguous, are to be construed by the court and no jury question is presented unless after application of applicable rules of construction an ambiguity remains."* (Emphasis in original.) *Travelers Ins. Co. v. Blakey*, 255 Ga. 699, 700 (342 SE2d 308) (1986). "[A] contract is not ambiguous even though difficult to construe, unless and until an application of the pertinent rules of interpretation leaves it uncertain as to which of two or more possible meanings represents the true intention of the parties." *Taylor v. Career Concepts*, 184 Ga. App. 551, 553 (2) (362 SE2d 128) (1987). It is the intention of the parties at the time the contract is made which governs. OCGA § 13-2-4. *Armistead v. McGuire*, 46 Ga. 232 (1872). The court must construe the contract, even in the presence of possible ambiguity, OCGA § 13-2-1, but, no construction is permissible where the contract language is "plain, unambiguous and capable of only one reasonable interpretation." *Petroziello v. U. S. Leasing Corp.*, 176 Ga. App. 858, 861 (338 SE2d 63) (1985).

The contract is not one of adhesion because it was not prepared by one in a superior position or couched in language chosen solely by one party, but with input from two relatively evenly matched bargaining units. *Gans v. Ga. Fed. Savings &c. Assn.*, 179 Ga. App. 660, 664 (2) (347 SE2d 615) (1986); *Orkin Exterminating Co. v. Stevens*, 130

Ga. App. 363, 369 (203 SE2d 587) (1973). Compare *White v. Fletcher/ Mayo/Assoc.*, 251 Ga. 203, 208 (303 SE2d 746) (1983); *Porubiansky v. Emory Univ.*, 156 Ga. App. 602, 608 (275 SE2d 163) (1980) (physical precedent only).

The ultimate rule of contract construction is to ascertain the intention of the parties, OCGA § 13-2-3, which is accomplished by a consideration of the entire contract. *Romine, Inc. v. Savannah Steel Co.*, 117 Ga. App. 353 (160 SE2d 659) (1968). "The construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part. . . ." OCGA § 13-2-2 (4). The language used by the parties is of primary consideration in ascertaining their intention. *Romine*, supra at 353; *Goff v. Cooper*, 110 Ga. App. 339, 343 (138 SE2d 449) (1964).

This contract states unequivocally that its terms are for a specific three-year period. The ninth and last term provide for a thirty-day notice of cancellation. If the parties intended the contract to extend past the three years on a thirty-day notice contingency it could have so stated; but such is absent. Absent that, and considering the whole, the contract contains a right for either party to cancel upon notice.

There is no merit in F & F's contention that Kroger could not effect a piecemeal termination. A contract may be partially terminated (*J. R. Watkins Co. v. Brewer*, 73 Ga. App. 331, 343 (36 SE2d 442) (1945)), and nothing inherent in this contract prevents a cancellation by stages. Moreover, the removal of copiers in the first two phases was acquiesced in by F & F, and simply constituted giving effect to the express provision for removal.

2. Kroger's motion to assess Rule 26 penalties is denied. *Lane v. K-Mart Corp.*, 190 Ga. App. 113, 115 (6) (378 SE2d 136) (1989).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur. Mc-Murray, P. J., disqualified.*

DECIDED MARCH 6, 1990.

*Daniel F. Byrne*, for appellant.
*Hansell & Post, Mary A. Prebula*, for appellee.