S93A0494. VAN DYCK v. VAN DYCK.
(429 SE2d 914)

SEARS-COLLINS, Justice.

We granted the application for discretionary appeal filed by the appellant, Ginger Van Dyck, to consider whether Item 3 (b) of the parties' separation agreement is so ambiguous as to permit the introduction of parol evidence regarding whether the payments that the appellee, Philip Van Dyck, was required to make thereunder were alimony or child support. The trial court ruled that the provision is ambiguous and that parol evidence was thus admissible to determine whether the payments were alimony or child support. We disagree.

Item 3 (b) provides that the appellee shall pay to the wife as "ali-

---

mony for her support and the support . . . of the children" an amount equal to 20 percent of his annual income in excess of $50,000 as reflected on his federal and state income tax returns. Item 3 (b) does not provide for the pro rata reduction of payments upon the happening of contingent events such as a change in custody of the parties' two children or such as the children turning 18 or dying.

In February 1992, the appellee filed this modification petition, alleging that Item 3 (b) was ambiguous as to how much of that award was alimony and how much was child support and as to when the payments thereunder would terminate. The appellee alleged that the trial court should allow parol evidence of the parties' intent with regard to that provision and that the parties' intent was that Item 3 (b) was all child support. The appellee contended that his payments under Item 3 (b) should terminate because, since the divorce, one of the parties' children has reached the age of majority, and the other child, now over 14 years old, has elected to reside with the appellee.

After the appellant answered the petition, the appellee filed a motion for partial summary judgment, asking the trial court to rule that the support provisions of Item 3 (b) were so ambiguous regarding whether the unallocated payments were alimony or child support and regarding when those payments should terminate that the appellee was entitled to present parol evidence that the payments were all child support. The appellee alleged that the payments were unallocated because, for tax purposes, the payments would be treated all as alimony and therefore deductible by the payor and includable in the income of the recipient. The appellee alleged that this allowed the government to absorb some of the tax consequences because the recipient was usually in a much lower tax bracket than the payor, meaning that a husband could afford to pay more alimony and child support to a wife and that a wife would receive a larger net payment from the husband than if the alimony payments were includable in the husband's income.[1]

The trial court granted the appellee's motion for partial summary judgment, and, for the reasons that follow, we reverse.

1. The appellant contends the trial court erred by granting the appellee's motion for partial summary judgment because parol evidence cannot be admitted to contradict the language of Item 3 (b) providing that at least part of the award is for her support. We agree.

By granting the appellee's motion, the trial court granted the appellee permission to put forward parol evidence that the payments under Item 3 (b) are all child support and should now terminate.[2]

---

[1] This tax treatment of unallocated support payments was authorized by the government. See *Commr. v. Lester*, 366 U. S. 299 (81 SC 1343, 6 LE2d 306) (1961).

[2] If Item 3 (b) could be shown to be a group award for the support of the children only,

However,

> [w]hile, generally, an ambiguity in a contract may be explained by parol evidence, "parol evidence is inadmissible to add to, take from or vary a written contract." Code Ann. § 20-704 (1); Code Ann. §§ 38-501 and 38-502 [now OCGA §§ 13-2-2; 24-6-1 and 24-6-3]. Where the contract is complete on its face and the evidence offered to explain the ambiguity contradicts the terms of the written instrument, it should not be admitted. See generally, *Preferred Risk Mut. Ins. Co. v. Jones*, 233 Ga. 423 (211 SE2d 720) (1975); Corbin, Contracts, Vol. 3, § 573 (1960).

*American Cyanamid Co. v. Ring*, 248 Ga. 673, 674 (286 SE2d 1) (1982).

Thus, even assuming Item 3 (b) contains some ambiguity regarding how much of the payments thereunder are for the support of the wife and how much are for the support of the children, the parol evidence that the appellee seeks to introduce — that the payments were *all* child support — is inadmissible because it would directly contradict the language of Item 3 (b) providing that the alimony was also for the support of the wife. *American Cyanamid*, supra, 248 Ga.

2. Having determined that Item 3 (b) of the agreement was for the support of the *wife* and children, we also agree with the appellant's contention that Item 3 (b) is not subject to proration based on contingent events concerning the children. Parties to a contract are presumed to have contracted with reference to relevant laws and their effect on the subject matter of the contract, and a contract may not be construed to contravene a rule of law. *McKie v. McKie*, 213 Ga. 582, 583 (2) (100 SE2d 580) (1957); OCGA § 13-2-3. Here, both when the agreement was entered and now, the substantive law relevant to the issue in this appeal has been that an alimony award given for the support of a wife and her children is an award to the group as a family unit and cannot automatically be prorated among the wife and children upon the happening of some contingent event regarding the children, such as a change of custody, *except as specifically provided in the decree. Edwards v. Edwards*, 235 Ga. 199, 200 (2) (219 SE2d 117) (1975); *Lord v. Lord*, 231 Ga. 164 (1) (200 SE2d 759) (1973). Here, the agreement did not provide for automatic proration based upon the contingent events urged by the appellee, and may not now be construed to contain such provisions. Of course, such an award is

---

then the defendant arguably would be entitled to have the child support terminated. See *Hasty v. Duncan*, 239 Ga. 797 (239 SE2d 7) (1977); *Ivester v. Ivester*, 242 Ga. 386, 387, fn. 1 (249 SE2d 69) (1978).

subject to modification based on the allegation that the financial circumstances of the parties have changed because of events, such as a change in custody, involving the children, see *Ivester v. Ivester*, 242 Ga. 386, 387 (249 SE2d 69) (1978); *Nash v. Nash*, 244 Ga. 749, 751-752 (262 SE2d 64) (1979), and may be modified from a "group award into a per capita award according to the needs of the recipients," *Nash*, at 751-752.

3. Finally, putting the foregoing considerations aside and evaluating the agreement as a whole, *F & F Copiers v. Kroger Co.*, 194 Ga. App. 737, 739 (391 SE2d 711) (1990), we conclude that the parties did not contemplate proration upon the happening of the contingent events urged by the appellee. First, Item 3 (a) of the agreement provided for $1,200 per month in alimony for the support of the wife and children but provided that the award would be prorated upon the happening of certain contingent events relative to the children. Moreover, as acknowledged by the appellee, such specified prorations still permit the parties to obtain the tax benefits of *Commr. v. Lester*, 366 U. S. 299 (81 SC 1343, 6 LE2d 306) (1961), as under federal law a group award was considered unallocated and thus subject to favorable tax treatment unless the agreement specifically designated the amount due for the wife and the children. In this regard, payments could not be considered specifically designated for child support based on reductions specified for contingent events concerning the children. Id. at 300-306. Thus, because Item 3 (a) demonstrates that the parties knew how to provide for automatic proration based on contingent events, and because the specifying of those contingent events still permits the parties the desired tax benefits, it is reasonable to conclude that the parties' failure to provide for automatic reductions in Item 3 (b) means that the parties did not intend for contingent events to lead to automatic proration under Item 3 (b).

4. The appellant also raises an issue regarding Item 3 (a) of the agreement, but because that item was not subject to the appellee's motion for partial summary judgment, we do not address that issue in this opinion.

For the foregoing reasons, we reverse the grant of summary judgment to the appellee.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 1, 1993.

*Frankel, Hardwick, Tanenbaum & Fink, Martha J. Kuckleburg,* for appellant.

*Davis, Matthews & Quigley, Richard W. Schiffman, Jr.,* for ap-

pellee.