## 23119.   TRULL v. THE STATE.

ARGUED SEPTEMBER 14, 1965—DECIDED OCTOBER 7, 1965.

*Rowland & Rowland, Joe W. Rowland, Hodges Rowland, E. L. Rowland,* for plaintiff in error.

*Walter C. McMillan, Jr., Solicitor General, Arthur K. Bolton, Attorney General, J. R. Parham,* contra.

GRICE, Justice.   Convicted of murder and his motion for new trial denied, George Trull brings his case to this court.   He and Arthur Scarboro were indicted by the grand jury of Emanuel County for the slaying of William Harry Scarboro.   Trull was found guilty with recommendation of mercy upon trial in the superior court of that county.   His amended motion for new trial contains the general and two special grounds.

■   We find the general grounds to be without merit since the evidence amply supports the verdict.

The joint indictee, Arthur Scarboro testified, among other matters, that the defendant told him earlier on the day of the homicide that "I'll kill the son of a bitch for you," referring to the deceased; that the defendant broke a Coca-Cola bottle on the railroad track and the two then waited in the defendant's personal car for the deceased to come by; that the defendant stopped the deceased who was then driving the defendant's taxicab; that the defendant attacked the deceased in the taxicab by striking him with the broken bottle; and that immediately thereafter the defendant told him he had killed the deceased and stated "if you breathe it to anybody, I'll kill you."

The witness Mrs. Herschel Lamb, positively identified the defendant as being present at the time and place of the crime and as fleeing from it.

Other witnesses gave testimony as to physical facts, including blood found in the defendant's taxicab and in his personal car, and also as to incriminating and contradictory statements made by him.

The foregoing testimony of the accomplice Scarboro. as to the defendant's acts was sufficiently corroborated by that of the other witnesses above referred to. Our *Code* § 38-121, as to corroboration of an accomplice's testimony, does not require that corroboration extend to every detail of the crime. See *Mitchell v. State,* 202 Ga. 247 (3) (42 SE2d 767).

■ Special grounds 1 and 2 complain of the charge, the material part of which was as follows: ". . . if you find from the evidence or from the defendant's statement, that the defendant made admissions or confessions or statements as to [the] killing and how it was done, then you will not be authorized to take one part of the admission and ignore the other parts. . ."

One of the complaints made is that there was nothing in the evidence or the defendant's statement that could be construed as a confession or incriminating statement except the testimony of the accomplice Scarboro, which was of no effect since it was not corroborated, and therefore the charge was confusing, misleading and inapplicable. We have ruled in Division 1 that such testimony was corroborated, hence for this reason alone this complaint is not valid.

It is urged that this portion of the charge was misleading and confusing because it was in direct conflict with another portion, to wit: "In felony cases, the testimony of an accomplice is not alone of itself sufficient to sustain a conviction, unless such testimony is corroborated by other competent evidence which you do believe, or by the facts and circumstances developed by the trial." This contention cannot be sustained. No conflict appears from the language of the two extracts. Also, in view of the ruling in Division 1, there was in fact corroboration.

The defendant maintains further that the foregoing extract was confusing, misleading and unauthorized in that it instructed the jury that they were authorized to find that in his *statement* he had made a confession, admission or incriminating statement when he had not done so; and also that such charge amounted to an expression of opinion by the court that the defendant had done so. Neither of these positions is meritorious. The instruction began with ". . . *if* you find . . ." thus negativing any expression of opinion by the court. (Emphasis ours.) Also,

the jury were not limited to the defendant's statement, but were authorized to consider the evidence *or* such statement. The jury could not have been misled, as contended, by this instruction.

Since none of the grounds were meritorious, the trial court properly denied the motion for new trial.

*Judgment affirmed. All the Justices concur, except Mobley, J., not participating for providential cause.*