### 57740. KUSHNER v. SOUTHERN ADVENTIST HEALTH AND HOSPITAL SYSTEM, INC.

SMITH, Judge.

Appellant, Dr. Robert L. Kushner, Jr., asserts that the trial court erred in entering judgment on the pleadings in his action for breach of contract. We affirm.

Appellant entered into a medical services contract with appellee hospital, under which appellant was to provide appellee radiological services for renewable three year periods. Procedural requirements for termination or nonrenewal of the contract are contained in paragraph 11, which states: "The term of this Agreement shall be for three years and shall automatically be renewed for three

years unless either party gives the other party at least 120 days written notice prior to the expiration of the three-year period. Thereafter, the agreement shall automatically be renewed for three-year periods unless either party gives the other party at least 120 days written notice prior to the expiration of such three-year periods.

"During the initial term of this Agreement or any renewal term thereof, the services of the Radiologist as set forth herein, shall not be terminated by the Hospital except after 120 days written notice and after a determination has been made that the Radiologist is not providing adequate radiological services under the terms of this Agreement. The initiation of this determination will be based upon a recommendation originating from the Medical/Dental staff. Further, no termination shall take effect without prior consultation with the Medical/Dental staff of the Hospital and without the Radiologist being afforded a hearing on all matters concerning any proposed termination." The initial three-year period under the contract began on January 1, 1975 and ended on December 31, 1978. By letter dated August 21, 1978, appellant was given notice that his contract with appellee was not going to be renewed for another three-year period. In entering judgment on the pleadings, the trial court held that, as a matter of law, appellee's notice to appellant satisfied the nonrenewal provisions of the contract and therefore the contractual relationship had ended. Appellant asserts that notice alone did not satisfy the nonrenewal provisions of the contract. It is argued that, in addition to providing notice of nonrenewal, appellee was also required to make a determination, after a hearing, that appellant was not providing adequate radiological services under the agreement. We disagree.

1. Paragraph 11 of the contract contains two distinct subparagraphs. Subparagraph 1 sets forth a simple notice requirement for nonrenewal of the contract. Subparagraph 2 provides a more elaborate procedure where the contract is to be terminated "during" a three-year period. Appellant argues that subparagraph 2, which applies to terminations of the contract "during" a

three-year period, covers termination occurring both before and at the end of a three year-period. Appellant also contends that the final sentence of subparagraph 2, which states that ". . . no termination shall take effect without prior consultation. . . and without the Radiologist being afforded a hearing on all matters concerning any proposed termination," applies to both subparagraph 1 and subparagraph 2. At a minimum, appellant argues, it is at least unclear whether the provisions of subparagraph 2 apply to nonrenewal as well as termination of the contract and therefore evidence must be adduced to explain the ambiguity. Appellant's assertions, though arguably creative, are wholly unconvincing.

The construction of paragraph 11 urged by appellant is both unreasonable and unnatural. Subparagraph 1 deals exclusively with renewal and nonrenewal of the contract. Subparagraph 2 is concerned with "termination" of the contract "during" a three-year period. While, conceptually, nonrenewal might be considered a form of termination of a contract, this categorization is of no consequence where the parties to an agreement deal with nonrenewal and termination as separate matters. "Where the language is unambiguous and but one reasonable construction of the contract is possible, the court must expound it as made. . ." *Cato v. Aetna Life Ins. Co.,* 164 Ga. 392, 398 (138 SE 787) (1927).

2. The remaining enumerations of error are without merit.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

Argued May 9, 1979 — Decided September 20, 1979.

*M. Jerome Elmore,* for appellant.
*Randall L. Hughes,* for appellee.