62495. PAREDES v. BUD BAILEY CORPORATION et al.

BIRDSONG, Judge.

Real Estate Commission. Appellant Paredes offered his house for sale through appellee Bud Bailey, a licensed real estate broker. The wife of the putative purchaser Rayburn Fisher (Elizabeth Fisher) saw Bailey's "For Sale" sign on the lawn. Both Mr. and Mrs. Fisher were licensed real estate agents working for the appellee Williams. Mrs. Fisher looked at the property and, being impressed with its potential, brought the possibility of purchase to her husband's attention. Mr. Williams examined the property and after several offers and counteroffers, an agreement was reached for Mr. Williams to purchase the property for $50,000. Though the evidence is disputed, there is evidence in the transcript to support a finding that the contract of sale together with oral statements disclosed Mrs. Fisher not only to be a licensed real estate agent, but also to be the wife of Mr. Fisher, the purchaser. Additionally, the evidence, again disputed, showed that Mr. Paredes understood these relationships and agreed to the sale to Mr. Fisher.

After the contract was executed a title search disclosed three outstanding judgment liens against the property. Though Mr. Fisher remained willing to purchase the property if Mr. Paredes would

satisfy the lien prior to or at the time of closing, Mr. Paredes refused to satisfy the liens or to close the transaction. It reasonably appears that Mr. Paredes believed the liens had been previously satisfied (notwithstanding them to be judgment liens) and demanded that the purchaser pay the liens (i. e., approximately $10,500) if he (the purchaser) still wished to purchase the property. This in effect would have raised the agreed purchase price by that amount and would have resulted in a breach of the sale contract. Even after the time of closing, Fisher remained willing for a period of six weeks to close the sale but ultimately obtained the return of his earnest money when Paredes refused any extension of time or to satisfy the liens. At a bench trial, the trial court was confronted with disputed questions of fact and returned a judgment in favor of Bailey and Williams (who were to share equally) in the amount of the commission (i. e., seven percent of $50,000 or $3,500). Appellant brings this appeal in essence raising two enumerations of error. *Held:*

The two questions presented by appellant Paredes' appeal are: (1) Whether a sales agent breaches a fiduciary duty to the seller by being a silent purchaser with the actual purchaser when at the signing of the sales contract the seller is unaware of a marital relationship between the agent and the purchaser rendering the agent in effect a co-purchaser; and (2) Whether a sales agent breaches a fiduciary duty to the seller by working in concert with her husband, the purchaser, in the negotiations and execution of the sales contract.

It is noted that appellant does not contest, brief or argue the fact that Bailey and Williams presented a purchaser ready, willing and able to complete the sale and close the transaction. It follows that unless the Fishers breached a fiduciary duty, Bailey and Williams are entitled to the sales commission provided in the contract. Code Ann. § 4-213; *Cadranel v. Wildwood Const. Co.,* 101 Ga. App. 630 (3) (115 SE2d 415). The trial court found as a fact that neither the Fishers failed to disclose or cause the appellees to fail to do so nor did Bailey or Williams forfeit the entitlement to commission by any failure of disclosure of material facts relative to the identity of the purchaser or his relationship to the sales agent (his wife) or to the realtor Williams. Secondly, the trial court found that Williams and Bailey completely explained to Paredes how he could satisfy the liens either before or at the time of closing. The court found therefore that appellees had not forfeited their entitlement to commissions by breach of a fiduciary duty to disclose the husband-wife relationship or to explain how to resolve the judgment liens.

Our consideration of the brief and supplemental brief submitted by appellant Paredes discloses that the law and argument submitted

by him is most apropos to a situation where a breach of fiduciary duty has occurred. Unfortunately for appellant, whether or not a breach of such a duty occurred was presented fully to the trial court as a question of fact. The breach of fiduciary duty was resolved adversely to appellant. With reference to actions in a court of competent jurisdiction tried upon the facts without a jury, it has been held consistently that even though the findings of fact contended for by the appellant would have been authorized by the evidence presented on the trial, yet where the facts found by the trial court were authorized by the evidence, such findings will not be set aside. *Williams v. Mathis,* 237 Ga. 305, 306 (227 SE2d 378). The evidence in this case fully supports the findings of fact and conclusions of law reached by the trial court.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED DECEMBER 2, 1981.

*Alfred F. Brunetti,* for appellant.
*Ennis L. Willis,* for appellees.