*Russell L. Adkins, Jr.,* for appellant.
*James C. Watkins,* for appellee.

63643. RUSSELL et al. v. SHESSEL.

MCMURRAY, Presiding Judge.

Plaintiffs are husband and wife. This action for damages arises from an attempted surgical sterilization of the wife. Shortly after the initial surgery internal bleeding was discovered requiring additional surgery. Subsequently, after a period of time, the wife became pregnant and subsequently bore a normal, healthy child in due time.

The theories of recovery as stated by the plaintiffs' portion of the pretrial order are battery, breach of contract and fraud. Plaintiff wife seeks damages for pain and suffering, both physical and mental, arising from the battery, as well as from loss of control and direction in family planning. Plaintiff husband seeks damages for the present and future expense of raising the unplanned child.

At the close of plaintiffs' evidence the trial court announced its intention to direct a verdict in favor of defendant as to the battery issue which was predicated upon the fact that the surgeon utilized a procedure other than that specifically stated in the consent forms. At that time the trial court announced it would reserve judgment on the issue of breach of contract and fraud but would submit all issues to the jury for determination. At the close of all of the evidence counsel for defendant once again moved for directed verdict as to all issues remaining. Once again the trial court reserved the judgment as to the breach of contract and fraud issues. Court was recessed for the day and upon reconvening the following morning the trial court announced it was aware that the plaintiffs were seeking to take a voluntary dismissal and at that time announced a directed verdict in favor of the defendant on all issues, entering this order nunc pro tunc

as of the preceding afternoon. Plaintiffs appeal. *Held:*

The case sub judice involves the application of the rule first stated in *Jones v. Burton,* 238 Ga. 394, 396 (1) (233 SE2d 367). See also *Hambrick v. Fidelity Acceptance Corp.,* 159 Ga. App. 540, 542 (1) (284 SE2d 53). Thus, where the trial judge has announced in open court the direction of a verdict for the defendant, that decision though not formally reduced to writing and entered, precludes the filing of a voluntary dismissal after the announcement but before the judgment is actually entered.

The record shows that the plaintiffs' voluntary dismissal was filed at 10:08 a.m. This was later than 10:02 a.m., indicated in the trial court's written order as the time at which the trial court orally entered and granted the defendant's directed verdict on the remaining issues.

The trial court's attempt to make its directed verdict order effective to the preceding afternoon by its nunc pro tunc order is insufficient. Such an entry cannot be used to retrospectively alter the trial court's decision of the prior afternoon reserving its ruling on the breach of contract and fraud issues at that time. *Dunn v. Southern Bell Tel. &c. Co.,* 49 Ga. App. 264 (2) (175 SE 261).

Regardless of the fact that the attempt to alter the time of the decision by the nunc pro tunc order was ineffective it appears that the trial court's oral entry of its grant of defendant's directed verdict occurred six minutes prior to the filing of plaintiffs' dismissal. As the trial court's direction of the verdict in favor of defendant was effective and prevails under the decision in *Jones v. Burton,* 238 Ga. 394, 396 (1), supra; and as no enumeration of error is made as to the merits of the trial court's decision in granting the directed verdict in favor of defendant, the judgment of the trial court must be affirmed.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 2, 1982.

*Robert John White,* for appellants.
*John E. Talmadge, Marjorie M. Rogers,* for appellee.