## 66886. GLENN v. FOURTEEN WEST REALTY, INC.

CARLEY, Judge.

Appellant Glenn and appellee Fourteen West Realty, Inc. ("Fourteen West") entered into an exclusive listing contract. That contract provided that Glenn would pay Fourteen West a real estate commission of six percent of the selling price of five residential properties owned by Glenn when the properties were sold as a single package. Subsequently, Fourteen West, through its agent, presented a sales contract to Glenn wherein two individuals, Maddux and McMurray, offered to purchase the properties. Glenn added three stipulations to the offer to make it acceptable to him, and those stipulations were agreed to by Maddux and McMurray. However, Glenn did not appear at the closing, and Maddux and McMurray filed suit against Glenn for breach of contract. At trial, Glenn denied liability on the ground that he did not intend to be bound by the sales contract unless or until he was released from liability on an existing promissory note secured by the property. That case appeared before this court in *Glenn v. Maddux,* 149 Ga. App. 158 (253 SE2d 835) (1979), in which we affirmed the grant of partial summary judgment in favor of Maddux and McMurray. Following our decision, a jury trial was held which resulted in a verdict awarding nominal damages to Maddux and McMurray in their suit against Glenn for breach of the sales contract.

The instant suit arises from the same controversy and involves Glenn's third party action against Fourteen West. Glenn alleged that he had been fraudulently induced to enter into the sales contract with Maddux and McMurray by Fourteen West's misrepresentations of the terms of that contract. Glenn specifically asserted that Fourteen West, through its agent, represented that under the terms of the sales contract Glenn would be totally released from all liability on an existing promissory note to Atlanta Federal Savings & Loan Association. Fourteen West denied liability and counterclaimed for real estate commissions due under the terms of the listing contract between itself and Glenn. The trial court, sitting without a jury, found against Glenn as to his action in fraud and in favor of Fourteen West on its counterclaim. Attorney fees were also awarded to Fourteen West. Glenn appeals.

1. Glenn enumerates as error the general grounds. At trial, Glenn testified to the following: Prior to entering into the real estate contract with Maddux and McMurray, he had informed Fourteen West's agent that he required, as a condition of the sale of the property, a release from all liability to Atlanta Federal Savings & Loan Association on the existing note on the property. Glenn also

testified that he had refused prior offers to purchase the property which had been submitted to him by Fourteen West's agent because, among other things, those offers did not provide for such a release. Glenn further testified that upon receiving the offer from Maddux and McMurray, he questioned the agent as to whether the contract provided for his release from all liability on the existing note. The agent represented that by adding certain language to the contract, Glenn would be so released. Three paragraphs were then added to the contract by Glenn, one of which the agent represented would have the effect of a release. That paragraph stated as follows: "Purchaser shall notify seller of credit approval by Atlanta Federal within two weeks of the date of this contract." Glenn testified that he thought that paragraph provided for a release because the agent had represented that it did, and because he "couldn't imagine Atlanta Federal approving of somebody assuming a mortgage unless they had good credit . . ." Glenn subsequently signed the contract, and the three paragraphs were accepted by Maddux and McMurray. According to Glenn, it was not until the day prior to the scheduled date of closing that he discovered that the agent had misrepresented the real estate contract in that the terms of the contract would not have the effect of releasing him from all liability on the existing note.

However, the agent testified at trial that at no time prior to the day before the scheduled closing date did Glenn discuss with him the subject of a release. The agent testified that the contract, as prepared by Fourteen West and as entered into by the parties, reflected all of the terms and conditions of the sale as required at that time by Glenn. The agent further testified that prior contracts to purchase the properties presented by him had been rejected by Glenn not because they did not provide for a release, but for other reasons entirely. Further evidence was presented that, at the time Glenn entered into the contract, he had been involved in commercial real estate for over twenty-five years, and personally owned extensive real estate holdings.

It is clear that much of the evidence was in conflict. However, there is sufficient evidence to support the trial court's findings that no misrepresentations were made to Glenn from which he could have been misled into believing that the contract contained a release, and that, therefore, Fourteen West was entitled to real estate commissions under the terms of the exclusive listing contract. See *Scott v. Lumpkin,* 153 Ga. App. 17 (1) (264 SE2d 514) (1980); *Howell v. Greene Real Estate Co.,* 162 Ga. App. 766 (292 SE2d 520) (1982); *Paredes v. Bud Bailey Corp.,* 160 Ga. App. 572 (287 SE2d 620) (1981); OCGA § 10-6-32 (Code Ann. § 4-213).

2. Glenn also enumerates as error the award of attorney fees to

Fourteen West. Glenn first alleges that a defendant may not recover attorney fees in a counterclaim. In *Ballenger Corp. v. Dresco Contractors,* 156 Ga. App. 425, 432 (274 SE2d 786) (1980), this court held "that a defendant cannot recover in a given lawsuit the expenses of defending that suit . . . [However,] when a defendant asserts a claim for relief independent of a claim for litigation expenses incurred in defending against a plaintiff's case-in-chief, [OCGA § 13-6-11 (Code Ann. § 20-1404)] does not automatically operate to bar any recovery by the defendant of litigation expenses incurred in prosecuting such an independent claim." In the instant case, Fourteen West was, in effect, a plaintiff in the independent counterclaim for real estate commissions, and, therefore, could assert a claim for attorney fees incurred in prosecuting its independent claim. *Ballenger Corp. v. Dresco Contractors,* supra. Compare *Fla. Rock Industries v. Smith,* 163 Ga. App. 361 (294 SE2d 553) (1982).

Glenn also contends that even if Fourteen West may assert a claim for attorney fees, the evidence did not authorize the trial court's finding that he acted in bad faith so as to support an award of attorney fees under OCGA § 13-6-11 (Code Ann. § 20-1404). " '[T]he elements of bad faith which will authorize expenses of litigation in an *ex contractu* action are those acts relative to the conduct of entering into a contract *or to the transaction and dealings out of which the cause of action arose* . . . but do not have reference to the motive with which the defendant defends an action after a cause of action occurred.' [Cit.]" (Emphasis supplied.) *Brooks v. Steele,* 139 Ga. App. 496, 498 (229 SE2d 3) (1976). Furthermore, contrary to appellant's contentions, the "bona fide controversy" test relates to the issue of stubborn litigiousness, and "[a]n independent inquiry into bad faith (as here alleged) is necessary." *Ballenger Corp. v. Dresco Contractors,* supra at 433 (3).

Following a careful review of the record, we find that there is some evidence to support the trial court's finding of Glenn's bad faith. The evidence supported a finding that Glenn refused to close the real estate transaction and to pay the real estate commission, not because of an honest belief that he was defrauded, but because he determined that it was in his own best financial interest to refuse to do so. We must, therefore, affirm the trial court's award of attorney fees to Fourteen West. See generally *Clayton McLendon, Inc. v. Judge & Co., Inc.,* 142 Ga. App. 659, 661 (3) (236 SE2d 683) (1977); *Ellis v. Tri-City Commercial Sales,* 159 Ga. App. 441 (283 SE2d 670) (1981).

3. In light of all of the evidence and the entire history of this case, we are unable to conclude that Glenn's appeal was taken for purposes of delay only. The motion to award damages pursuant to

OCGA § 5-6-6 (Code Ann. § 6-1801) is therefore denied. See *Great Atlantic &c. Co. v. Burgess,* 157 Ga. App. 632 (4) (278 SE2d 174) (1981).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED JANUARY 4, 1984 —
REHEARING DENIED JANUARY 25, 1984.

*Joel Y. Moss,* for appellant.
*Stanley M. Lefco,* for appellee.