### 68861. FERRIS v. HILL et al.
(323 SE2d 895)

Benham, Judge.

Appellees brought suit against appellant for his breach of a real estate purchase contract. The jury returned a verdict for appellees which included general damages and expenses of litigation.

1. At the beginning of the trial, appellees moved to dismiss appellant's counterclaim. Appellant responded by announcing, through counsel, that he was voluntarily dismissing the counterclaim without prejudice. The trial court, upon appellees' insistence, ruled that the counterclaim would be dismissed with prejudice. Appellant subsequently filed a written voluntary dismissal and enumerates as error the trial court's ruling that the counterclaim was dismissed with prejudice.

The record shows that appellant's attempt to dismiss in compliance with OCGA § 9-11-41 (a) by filing a written dismissal came only after the trial court's announcement in open court that the counterclaim was dismissed with prejudice. Under the ruling of the Supreme Court in *Jones v. Burton*, 238 Ga. 394 (1) (233 SE2d 367) (1977), appellant's voluntary dismissal was ineffective. There being no enumeration of error with regard to the merits of the trial court's dismissal, we find no error in the trial court's ruling. *Russell v. Shessel*, 162 Ga. App. 791 (293 SE2d 61) (1982).

2. Appellant moved for a directed verdict on all of appellees' claims at the close of appellees' evidence and again at the close of all the evidence. He enumerates as error the denial of his motions. The argument he advances in support of that enumeration of error is that the failure of appellees to close the sale on the date specified in the contract was a breach of the contract which excused his performance. However, as appellant concedes, "even though the contract stated that time was of the essence, this provision could be waived, and conduct either before or after the deadline . . . could show waiver. 'Timely performance may be waived orally when acted on by one or both of the parties.' [Cits.]" *Koets, Inc. v. Benveniste*, 169 Ga. App. 352 (3a) (312 SE2d 846) (1983). In the present case, evidence that appellant expressly agreed to an extension and that both appellant and appellees continued to make arrangements for closing after the

originally scheduled closing date would authorize the jury to conclude that strict compliance with the time provisions of the contract was waived by appellant. Since that is the only basis asserted on appeal in support of appellant's contention that he should have been granted a directed verdict, we find no error in the denial.

3. In three enumerations of error, appellant attacks the portion of the judgment awarding expenses of litigation to appellees, asserting that the trial court erred in admitting evidence of expenses of litigation, in denying appellant's motion for a directed verdict as to that issue, and in instructing the jury on the issue. The grounds asserted are that appellees failed to specially plead that appellant had acted in bad faith, had been stubbornly litigious, or had caused appellees unnecessary trouble and expense, and that there was no evidence to support an award of expenses of litigation.

Contrary to appellant's assertion, appellees specially pleaded in their complaint that appellant had acted in bad faith and that appellant had put them to unnecessary trouble and expense. As to the issue of bad faith, the evidence showed that appellant had no legal excuse for failing to close the transaction. His asserted reason was that he was "scared" because there had been too many surprises in the course of arranging the transaction.

" 'The elements of bad faith which will authorize expenses of litigation in an *ex contractu* action are those acts relative to the conduct of entering into a contract *or to the transaction and dealings out of which the cause of action arose* but do not have reference to the motive with which the defendant defends an action after a cause of action occurred.' [Cits.] Furthermore, contrary to appellant's contentions, the 'bona fide controversy' test relates to the issue of stubborn litigiousness, and 'an independent inquiry into bad faith (as here alleged) is necessary.' [Cit.]" *Glenn v. Fourteen West Realty*, 169 Ga. App. 549 (2) (313 SE2d 730) (1984). Considering appellant's acts relative to the transaction out of which the cause of action arose and his lack of a legal excuse for refusing to go through with the transaction, we find this issue to be controlled adversely to appellant by *Glenn*, supra, and appellant's attack on the expenses of litigation portion of the judgment entered against him to be without merit.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 15, 1984.

*William L. Spearman, Jeffrey L. Evans*, for appellant.
*Michael A. Dailey*, for appellees.