### 69298. McLARTY et al. v. KUSHNER.
(326 SE2d 777)

SOGNIER, Judge.

Robert Kushner, M.D., filed this legal malpractice action against his former attorney, Paul McLarty, and the law partnership of Mc-Larty and Aiken alleging negligence in the preparation of an employment contract. In *Kushner v. McLarty,* 165 Ga. App. 400 (300 SE2d 531) (1983) we reversed the trial court's order directing a verdict in favor of McLarty and his firm. Thereafter, the case proceeded to trial and the jury returned a verdict in Kushner's favor. McLarty and his partnership appeal.

1. Appellants claim the trial court erred by denying their motions for directed verdict, judgment notwithstanding the verdict and for a new trial on the ground that there was insufficient evidence to support the jury's verdict for damages. The employment contract in question was executed upon the sale of Smyrna Hospital, where appellee was a radiologist as well as part-owner. The contract between appellee and the new purchasers ran for an initial term of three years. It was appellee's understanding that the employment contract would prohibit the hospital's new owners from terminating his services or refusing to renew his contract unless: (1) he was given 120-days' notice; (2) a determination was made by the medical-dental staff that his services as a radiologist were inadequate; and (3) he was afforded a hearing. After the initial contract period expired, appellee was notified that his contract would not be renewed and he sued the hospital for breach of contract. In *Kushner v. Southern Adventist Health &c. Systems,* 151 Ga. App. 425 (260 SE2d 381) (1979) we affirmed the trial court's holding that under the contract (as prepared by appellants) only the 120-day notice provision was required for nonrenewal of the contract, and rejected Kushner/appellee's argument that the three conditions applied equally to nonrenewals and terminations

during the term of the contract. Id. at 427. Appellee thereupon brought this action against appellants. (For further details, see *Kushner v. McLarty*, supra.)

Appellants argue that the evidence of damages in this action was based on expected profits and was too speculative and uncertain to support the jury's verdict. We disagree. On appeal, we must construe the evidence most strongly in support of the jury's verdict and the judgment thereon, *White v. Olderman Realty &c. Co.*, 166 Ga. App. 179, 180 (2) (303 SE2d 517) (1983), and if there is any evidence to sustain the jury's verdict, we will not disturb it. *Kent v. Hunt & Assoc.*, 165 Ga. App. 169, 172 (9) (299 SE2d 123) (1983).

Appellee's contract with the hospital provided that in consideration for the performance of radiological services he would be paid a percentage of the hospital's gross billings for radiological services. The parties stipulated the amount of the hospital's billings for radiological services from the date of appellee's termination to the date of trial. Appellee presented evidence of his income during that period as evidence of mitigation of damages. "Though there should not be reliance upon speculation and conjecture and the proof should be made with all possible specificity, . . . reasonable certainty is all that is required." *Crankshaw v. Stanley Homes, Inc.*, 131 Ga. App. 840, 843 (2) (207 SE2d 241) (1974). Further, "the evidence must be such as to afford a fair basis for calculating the damages." Id. We find the jury's verdict is supported by evidence which meets the required standard of proof. Id.

2. Appellants further contend the trial court erred by denying their motions for directed verdict, judgment notwithstanding the verdict, and for a new trial because there was no evidence that appellee could have obtained the "lifetime contract" he thought he had with the hospital. Conflicting evidence was presented by appellee and the hospital's agent as to the acceptability of the contract clause in question. We find that the evidence, though conflicting, was sufficient to support the jury's verdict under the "any evidence" standard. "If there is any evidence to support the jury's verdict and the trial court's judgment, then all conflicts in the evidence will be resolved to favor the verdict." *Triple A Delivery Co. v. Flexi-Van Leasing*, 167 Ga. App. 343, 344 (306 SE2d 414) (1983). Therefore, the trial court did not err by denying appellants' motions.

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED JANUARY 11, 1985 —
REHEARING DENIED FEBRUARY 4, 1985 —

*Paul M. Hawkins, Michael J. Goldman*, for appellants.

*Foy R. Devine, Bruce H. Morris*, for appellee.