77566. DIXON v. AMERICAN BUILDINGS COMPANY.
(379 SE2d 533)

BIRDSONG, Judge.

This is an appeal from the judgment awarded against appellant in the amount of $10,028.81, and of the trial court's denial of appellant's motions for new trial and for judgment n.o.v.

Appellant was born on February 26, 1965. On March 12, 1981, at the age of sixteen, appellant signed a written dealer agreement with appellee American Buildings Company, and was granted "the non-exclusive right to purchase" appellee's metal building products and components within a certain dealership territory. The contract was for a one-year period, but contained an automatic renewal provision that was subject to a detailed termination clause. It appears that the appellant entered the agreement pursuant to the directions of his father. Appellant's dealership application was accompanied by a check for a dealer kit reflecting that it was a Fayette Construction Company check, bearing the signature of "A. Boyd Dixon [appellant's mother] by Carroll Dixon [appellant's father]." Appellee granted appellant's dealership application believing that they were doing business with appellant and unaware of his age.

During the terms of the dealership agreement, appellant received a total of two orders from the Harrison Construction Company. In April 1982, appellee received a purchase order from the Harrison Construction Company as builder, signed by appellant's father, to ship steel building components to the Glen Marsh job site. Appellee filled this order, and received a check from the Harrison Construction Company, signed by appellant's father, which was returned by the bank due to insufficient funds. Although Glen Marsh paid the Harrison Construction Company on May 18, 1982, and the Glen Marsh check was deposited in the construction company's bank account, appellee never was paid for the materials on this account. Appellant's father currently is in bankruptcy. During the period in question, appellant was appellee's only dealer in the Griffin, Georgia area, so any purchase order it received from that area would of necessity had to have been a Harrison B. Dixon order.

Appellant asserted that he signed the dealership application only at his father's direction; that he was basically unaware of the construction company's operation; that he did not participate in the decision to order the building for Marsh; that he would work on job sites on occasion, including the Marsh job site; and that he was not paid by a salary, but was given money by his father as needed. However, appellant's father judicially admitted that appellant's signature was on the Harrison Construction Company bank account and appellant could write checks on the company. Moreover, in response to appellee's request for admissions, filed pursuant to OCGA § 9-11-36, appellant admitted that he "is indebted to the [appellee] in some amount."

Appellant reached the age of majority on February 26, 1983. The appellee's complaint was filed on or about April 4, 1983. Appellant filed his answer to the complaint on May 16, 1983, and did not assert minority as an affirmative defense in these pleadings nor otherwise attempt to renounce any contract with the appellee. On May 30, 1986,

appellant executed an affidavit in support of his motion for summary judgment, asserting that he was a minor when he executed all agreements and contracts with appellee, that he received no consideration from the sale of the Marsh building, that the only money he received was when his father paid him on occasion for work done at the building, and that he does not possess and has not retained any consideration received from the contract and agreement in question since becoming eighteen years of age. On April 8, 1986, appellant executed a second affidavit asserting in part that he is Harrison B. Dixon d/b/a Harrison Construction Company, that he is now over age eighteen, and that he "hereby disavows said contracts made while a minor." On August 18, 1987, a consolidated pretrial order was filed in this case. Appellant's outline of contentions in this order included "that at the times a contract was entered into, [appellant] was a minor and that he has since disaffirmed said contract and that said contract is now void and unenforceable." The order listed among the issues for jury determination "[w]hether [appellant] who was a minor at the time of contract was executed has reasonably and seasonably rejected said contract upon reaching his majority." The order concluded with the following provision: "It is hereby ordered that the foregoing . . . constitutes the PRE-TRIAL ORDER . . . and supersedes the pleadings. . . ." The issue of timely repudiation of contract was presented to the jury, and the jury was duly charged regarding this issue. Appellant has not challenged the content of this charge in his enumeration of error.

The jury returned a verdict for the appellee in the amount of $10,028.81, excluding interest. Judgment was entered for appellee. Appellant moved for a judgment n.o.v. and for a new trial. The trial court denied both motions. *Held*:

1. Appellant asserts that the trial court erred in not ruling that the appellant disaffirmed the contract by filing the pretrial order, as the pretrial order would relate back to appellant's original answer filed within two months of appellant's eighteenth birthday and would constitute a seasonable rejection of the contract as a matter of law.

Appellant's reliance on *Carreras v. Austell Box Bd. Corp.*, 154 Ga. App. 135 (267 SE2d 792) is misplaced as it is distinguishable from the facts before us.

Pretermitting the issue of whether defense of contract disaffirmance raised in the pretrial order caused an implied amendment of the *pleadings* that would relate back to the date of appellant's original answer is a question of whether such a procedural result would actually operate to amend the date on which appellant first expressed to appellee an intent to disaffirm the contracts in question. While it is clear that the parties could enter a binding stipulation regarding the date when contract disaffirmance was first attempted, no such stipu-

lation of fact appears in the pretrial order or elsewhere. "The purpose of modern pleading is to facilitate determination of the truth." *McDonough Constr. Co. v. McLendon Elec. Co.*, 242 Ga. 510, 512 (250 SE2d 424). Construing the pretrial order as, in effect, creating an involuntary stipulation of fact on appellee's part as to the date of appellant's now-asserted defense of disaffirmance would not comport with this goal. Accordingly, we are satisfied that the appellant apparently first attempted in writing to disavow the contracts in his affidavit of April 8, 1986, and later asserted disaffirmance as a defense in the pretrial order dated August 18, 1987. The trial court denied appellant's motions for judgment n.o.v. and for a new trial, in part, holding "that raising the defense of infancy for the first time in 1987 is not reasonable." We will not reverse the correct ruling of a trial court, regardless of the reasons given therefor. *Tony v. Pollard*, 248 Ga. 86, 88 (281 SE2d 557). Accordingly, we find this enumeration to be without merit.

2. Appellant asserts that the evidence failed to show his reaffirmation of the contract in question by the defendant upon his reaching majority and therefore the contract is void.

On appeal, we must construe the evidence most strongly to support both the jury's verdict and the judgment. *Williams v. Perry*, 187 Ga. App. 586 (1) (370 SE2d 836), citing *McLarty v. Kushner*, 173 Ga. App. 432 (1) (326 SE2d 777). We find that there is ample evidence in the trial record to support the verdict and judgment in this case.

Appellant's other enumerations of error are without merit.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 10, 1989 —
REHEARING DENIED MARCH 3, 1989 — ■■■■■■■■

*Caldwell, Bridges, Connell & Snow, Don E. Snow*, for appellant.
*Lamb & Associates, Melody R. Hennick, Steven B. Horowitz*, for appellee.