A93A0736. SEPARK v. CASWELL BUILDERS, INC.
(434 SE2d 502)

BIRDSONG, Presiding Judge.

W. Allen Separk appeals from a judgment, based upon a jury verdict, for Caswell Builders, Inc., for breach of a contract to purchase a house and lot. The record shows the parties agreed Caswell Builders would construct a house for Separk and that after completion of the house, Caswell Builders would convey the house and lot to Separk. The contract also provided that time was of the essence.

Through various modifications of the contract, the contract price was increased and closing date was extended. Finally, although the contract provided that the closing would be on July 17, 1989, for $424,000, the closing did not take place as specified. Ultimately, the parties could not agree to further modifications of the contract, and after Separk refused a demand to close on a certain date, Caswell Builders sold the house to a third party.

Subsequently, Caswell Builders sued Separk for the difference

between the price Separk agreed to pay and the price for which the house sold; after a jury trial, a verdict for $13,750 was returned.

Separk contends that the trial court erred by failing to give a requested charge on construction of the contract, by giving several charges requested by Caswell Builders, and by denying his motion for a directed verdict. He also contends the verdict is not supported by the evidence and that the damages are excessive. *Held*:

1. Separk's first enumeration of error contends the verdict is contrary to the law of contracts because there was no contract between the parties. Separk's contention is based on the theory that when there is a time of the essence clause, the contract expires when the sale does not close on the date specified. This contention is without merit. There was no expiration date in the contract and no clause imposing a condition of closing by the date specified. Instead, these contract provisions merely bound the parties to perform certain action by the dates specified or the contract would be breached. See OCGA § 13-1-7 (a). The remedy for a party aggrieved by the other party's non-performance is to seek damages for the breach. OCGA § 13-6-1. As there was a contract between the parties, Separk's argument based upon the absence of a contract is misplaced. Further, Separk's argument raises evidentiary issues which cannot be considered, as they are beyond the scope of the enumeration. Enumerations of error cannot be enlarged to include issues not alleged therein. *Thomason v. Times-Journal*, 190 Ga. App. 601, 604 (379 SE2d 551).

2. Separk's second enumeration contends the damages awarded exceeded the damages authorized by the evidence. The proper measure of damages was the difference between the contract price and market value of the property on the day of the breach. *Quigley v. Jones*, 255 Ga. 33 (334 SE2d 664); *Southeastern Land Fund v. Real Estate World*, 237 Ga. 227 (227 SE2d 340). As the testimony established a possible range of damages up to $30,000, the $13,750 damages were within the range authorized. OCGA § 13-6-4; *Thompson Enterprises v. Coskrey*, 168 Ga. App. 181, 186 (308 SE2d 399). Further, Separk's argument concerning liquidated damages cannot be considered as this argument is beyond the scope of the enumeration of error. *Thomason v. Times-Journal*, supra.

3. Separk next contends the trial court erred by refusing to give a charge on construction of contracts. As construction of contracts is a question of law for the court (OCGA § 13-2-1), there was no error in refusing this charge.

4. Separk also contends the trial court erred by giving the following charge: "I charge you that if you find that after the expiration of the specified closing date the defendant continued to act as if the contract was not at an end, then you may find that the defendant waived any right to insist upon strict compliance with the closing date set

forth in the contract as amended." He contends this was an erroneous statement of the law and constituted a comment on the evidence. See OCGA § 9-10-7. Any fair reading of the charge shows that Separk's contention that the charge was a comment on the evidence is without merit. The charge is phrased in terms of what the jury would be authorized to conclude *if* the jury found certain facts, and thus is not a comment upon what has been proven. See *Trull v. State*, 221 Ga. 442, 443 (145 SE2d 242). Further, Separk's contention that the doctrine of waiver did not apply is without merit for the reasons stated in Division 1.

5. The sixth enumeration of error contends that the trial court erred by charging the jury: "I charge you that if time is of the essence of a contract, it may be waived and subsequent conduct of the obligor may have that effect." This contention, based on the argument that the doctrine of waiver applies only in cases in which specific performance is sought, is without merit. *Ferris v. Hill*, 172 Ga. App. 599, 600 (323 SE2d 895).

6. Separk further contends the trial court erred by charging that "if you find that changes and additions requested by a party delay construction so that the sale could not be closed on the scheduled closing date, then you may find that the party's conduct caused the non-performance and may enforce the terms of the contract, notwithstanding the expiration of the closing date" because such a charge was an erroneous statement of the law. These arguments are without merit for the reasons set forth in Divisions 1, 4, and 5.

7. Separk also contends the verdict is not supported by the evidence. "[R]e-arguing of the evidence, upon which the jury has already passed, provides no basis for an appeal. The entire question of fact, and particularly the weight and preponderance of the evidence, are for the jury. On appeal, we construe all evidence most strongly in support of the verdict, for that is what we must presume the jury did; and if there is evidence to sustain the verdict, we cannot disturb it. *McLarty v. Kushner*, 173 Ga. App. 432 (326 SE2d 777)." *J. C. Penney Cas. Ins. Co. v. Woodard*, 190 Ga. App. 727, 730 (380 SE2d 282). There is evidence to support the verdict.

8. Finally, Separk contends the trial court erred by denying his motion for a directed verdict. In determining whether the trial court erred by denying a motion for a directed verdict, this court reviews and resolves the evidence and any doubt or ambiguity in favor of the verdict. A directed verdict is not proper unless there is no conflict in the evidence on any material issue and the evidence introduced, with all reasonable deductions, demands a certain verdict. OCGA § 9-11-50 (a); *Southern Store &c. Co. v. Maddox*, 195 Ga. App. 2, 3 (392 SE2d 268). As there is evidence to support the verdict for appellee, it cannot possibly be said the evidence demanded a verdict for appel-

lant.

*Judgment affirmed. Pope, C. J., and Andrews, J., concur.*

DECIDED JULY 6, 1993 —
RECONSIDERATION DENIED JULY 28, 1993 —

*Adele L. Grubbs, Amelia G. Pray,* for appellant.
*Neely & Player, Lewis E. Hassett, Karen E. Cooper, Robert E. Garrison,* for appellee.