## A94A1645. TRUSTEES OF THE INDEPENDENT PRESBYTERIAN CHURCH OF SAVANNAH v. SAVANNAH KIDSWEAR, INC.

(452 SE2d 546)

SMITH, Judge.

The Trustees of the Independent Presbyterian Church of Savannah ("the landlord") filed a declaratory judgment action against Savannah Kidswear, Inc. ("the tenant"), seeking a declaration of its continuing obligations under a lease agreement following a fire which destroyed the leased premises. The tenant counterclaimed for breach of contract and prayed for specific performance of the landlord's alleged duty to rebuild. The landlord filed a motion for summary judgment, and the tenant filed a motion for partial summary judgment on its breach of contract claim. The trial court ruled that the obligations under the contract were continuing in nature, but found that the tenant was not entitled to specific performance. The court granted the tenant's motion for partial summary judgment, ruling that the landlord had breached the lease agreement as a matter of law by failing to make a decision whether to rebuild within 90 days as expressly provided. The landlord appeals.

1. The landlord contends that the lease terminated when it notified the tenant of its decision not to rebuild and that the trial court erred in denying its motion for summary judgment on this issue. We agree.

The lease agreement unambiguously states that "[s]hould Landlord decide not to rebuild or restore, then this Lease shall terminate and neither party shall be further obligated." The provision in the *preceding* paragraph requiring the landlord to make a decision within 90 days did no more than establish that the landlord would *breach* the contract by failing to make a decision within that time period. See *Separk v. Caswell Builders*, 209 Ga. App. 713, 714 (1) (434 SE2d 502) (1993). The trial court erred in construing the contract provision in question as dependent on whether the landlord breached a separate provision requiring a decision to rebuild to be made within 90 days. *Separk*, supra; OCGA §§ 13-2-2 (9); 13-1-7. No further obligations remain under the lease agreement, and the landlord therefore is not obligated to give tenant "the first right of refusal to purchase the Premises" as provided therein.

2. The landlord contends that the trial court erred in granting summary judgment to the tenant on its breach of contract claim. We disagree. The agreement provides that "[t]he determination whether the Premises shall be rebuilt or restored shall rest solely with the Landlord, which determination Landlord shall make as soon as practicable but in no event later than ninety (90) days following the date of occurrence. . . ." It is undisputed that the landlord failed to do

this. The tenant was entitled to a decision within that period of time and was likewise entitled to forego other options until a decision was finally made some six months after the premises were originally destroyed by fire. The tenant is therefore entitled to damages flowing from that breach, if any such damages can be proven. We therefore find no error.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., Beasley, P. J., Andrews, Johnson and Ruffin, JJ., concur. Pope, C. J., McMurray, P. J., and Blackburn, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent as it is my view that the landlord did not breach the lease agreement by failing to give the tenant notice of its intention not to rebuild the leased premises within 90 days after destruction of the premises by fire and that the tenant is not entitled to damages flowing from this alleged breach of contract.

The lease agreement provides, in pertinent part, as follows: "10. *Damage or Destruction.* In the event that the Premises are damaged or destroyed by fire, storm or other casualty so that Tenant is unable to conduct Tenant's business on the Premises, payments of rent may be discontinued, at the option of Tenant, until the Premises may be rebuilt or restored to their former condition. The determination whether the Premises shall be rebuilt or restored shall rest solely with the Landlord, which determination Landlord shall make as soon as practicable but in no event later than ninety (90) days following the date of occurrence that renders such portion of the Premises untenantable or unusable. . . . Should Landlord decide not to rebuild or restore, then this Lease shall terminate and neither party shall be further obligated to the other. . . . Should Landlord decide to rebuild or restore, then any such rebuilding or restoration shall be commenced as quickly as possible and diligently pursued to completion."

"The court must construe the contract, even in the presence of possible ambiguity, OCGA § 13-2-1, but, no construction is permissible where the contract language is 'plain, unambiguous and capable of only one reasonable interpretation.' *Petroziello v. U. S. Leasing Corp.,* 176 Ga. App. 858, 861 (338 SE2d 63) (1985). . . . The ultimate rule of contract construction is to ascertain the intention of the parties, OCGA § 13-2-3, which is accomplished by a consideration of the entire contract. *Romine, Inc. v. Savannah Steel Co.,* 117 Ga. App. 353 (160 SE2d 659) (1968)." *F & F Copiers v. Kroger Co.,* 194 Ga. App. 737, 738 (1), 739 (391 SE2d 711).

In the case sub judice, my reading of section 10 of the lease agreement unambiguously defines the parties' rights upon damage or destruction of the leased premises. This provision provides the landlord with the right to hold the tenant to the terms of the lease agree-

ment if the premises is damaged or destroyed, but conditions this right upon notification within "ninety (90) days following the date of occurrence that renders such portion of the Premises untenantable or unusable" of the landlord's intention to restore the premises. From this construction, it becomes apparent that the landlord did not breach the lease agreement by failing to notify the tenant of its intention not to rebuild the leased premises within 90 days after the fire. It is my view that the landlord's omission simply constitutes a forfeiture of the landlord's right to hold the tenant to the terms of the lease agreement and that, 90 days after destruction of the leased premises, the tenant was free to seek other accommodations for its business.

I would reverse the trial court's order granting summary judgment in favor of the tenant for breach of contract and allowing the issue of damages to be resolved by a jury.

DECIDED DECEMBER 5, 1994 —
RECONSIDERATION DENIED DECEMBER 20, 1994 — 

*Inglesby, Falligant, Horne, Covington & Nash, Thomas A. Nash, Jr.,* for appellant.
*Buchsbaum & Lowe, Alan S. Lowe,* for appellee.